STATE OF IOWA ex rel. JOHN M. RANKIN, Attorney General, Appellee, v. WOODBURY COUNTY et al., Appellants.

No. 45856.

DECEMBER 9, 1941.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellee.

Anderson & Bails and M. M. Lothrop, for appellants.

MILLER, C. J.—This is a special proceeding brought by the attorney general at the request of the board of control under the provisions of section 3592 of the Code, 1939, to determine the legal settlement of an insane patient at the Cherokee Hospital. The petition asserts that such legal settlement is in Woodbury County and that a dispute has arisen between Woodbury County and its board of supervisors on the one hand and the board of control on the other, as to such settlement. The prayer was that the court determine the residence, domicile and legal settlement of the patient and that appropriate findings, orders and judgments be made in the premises, "plaintiff specifically reserving, however, its right to appeal to the Supreme Court of Iowa from any ruling, finding, order or judgment adverse to this plaintiff."

The answer of the County and its board of supervisors admitted certain allegations of the petition and denied others. It specifically denied that the legal settlement was in Woodbury County and asserted it to be in a foreign state or unknown. Trial was had, as in equity, and on May 14, 1941, the court entered a decree determining that, when the patient was committed to the hospital at Cherokee, she was a resident of Woodbury County, Iowa. The court accordingly adjudicated that the residence and the legal settlement of the patient were in Woodbury County, Iowa, and that all expenses for her care and treatment were properly charged to Woodbury County, Iowa. From such decree the County and its board of supervisors appeal.

Abstract of record was filed herein October 28, 1941, and appellants' argument was filed November 25, 1941. The cause is now pending for submission at the January, 1942, term of this court. In the meantime, the attorney general has filed a motion to dismiss the appeal and appellants have filed a resistance thereto, which have been submitted to the court for its decision.

The State contends that the last sentence of section 3594 of the Code, 1939, which provides, "Any decision by the court shall be final", precludes the possibility of an appeal herein, relying upon our decision in the case of State v. Webster County, 209 Iowa 143, 227 N. W. 595. We are of the opinion that, pur-

suant to such decision, the motion to dismiss the appeal herein must be sustained.

In the Webster County case, supra, the same type of proceeding was brought to determine the legal settlement of an insane patient at the Cherokee Hospital. The district court found that the legal settlement had not been established in any of the counties that were made defendants, that the residence of the patient was unknown, and ordered that the patient be maintained at the expense of the State. The State appealed. A motion to dismiss was filed wherein the counties in that case made the same contention that the State now makes herein. In dismissing the appeal, we state (209 Iowa 150, 227 N. W. 598) as follows:

"The legislative mandate that the decision of the district court shall be final can have no other possible meaning than that such decision shall mark the termination of procedure. This is only another way of saying that the limit of jurisdiction conferred by the statute has been reached by decision in the district court. Nor should we lose sight of the fact that the statute under consideration is not one which deals with private rights. The procedure provided does not purport to deal with private rights. It purports to deal with some of the humane functions of the state as a sovereignty. Public burdens have been assumed by the state, and these are subject to distribution among the component parts of the state. The duties involved are purely public duties. The procedure provided is in the nature of an inquiry of fact, for the guidance of these public bodies in the performance of their humane duties. It bears some analogy to an ex-parte proceeding. Whatever duties or obligations are involved are all statutory. The methods of relief are all statutory. None of the questions presented are justiciable, in the sense in which such term is applied to ordinary litigation. We reach the conclusion that the word 'final,' as used in the statute, is intended to terminate the inquiry, and thereby to declare the end of jurisdiction."

Appellants seek to distinguish the holding above quoted by contending that such interpretation should apply only to an attempted appeal from a decision against the State, referred

to in section 3594 of the Code, 1939, and should not apply to an appeal from a decision in favor of the State and against the County, referred to in section 3593 of the Code, 1939. We are unwilling to make such a distinction.

The statutes before us for construction and interpretation are sections 3592, 3593 and 3594 of the Code, 1939. All three of these statutes refer to the same subject matter, namely, a controversy between a county or counties on the one hand and the state on the other relative to the expense incurred for the support of an insane person in a state hospital. The last sentence of section 3592 provides, "Said action shall be tried as in equity." Obviously, this sentence applies to all three sections. The sentence which was relied upon by this court in the Webster County case, supra, to wit, "Any decision by the court shall be final", is the concluding sentence of section 3594 and is the final sentence of these three sections. We think it should likewise apply to all three sections.

It will be noted that the subject matter of section 3592 of the Code, 1939, appeared in sections 2270 and 2282 of the Code, 1897, and its amendments, the subject matter of section 3593 of the present Code was treated in sections 2282 and 2308-a of the former Code and its amendments and the subject matter of section 3594 of the present Code was treated in section 2270 of the prior Code and its amendments. The subject matter of the three sections of the present Code was collected from various parts of the prior Code and its amendments and, by sections 325, 326 and 327 of H. F. 84, Acts of the 40th Ex. G. A., was brought together in one place for the purpose of treating a specific subject matter in its entirety. This being the legislative history, we think that the three sections should be interpreted and construed together. Accordingly, we think that the rule established in the Webster County case, supra, relative to an appeal from a decision against the State, referred to in section 3594, is also applicable to an appeal from a decision in favor of the State, referred to in section 3593.

The assignments of error asserted by the appellants herein challenge the court's findings of fact on the issue of legal settlement and certain issues of waiver and estoppel. There is no

claim that the court exceeded its jurisdiction nor that it acted in excess of its powers. The procedure invoked is that ordinarily afforded a litigant in securing a trial de novo on appeal to this court in an equitable action. By virtue of the foregoing pronouncement of this court, such a trial de novo has been denied the State on the one hand or the County on the other in proceedings of this character by the express mandate of the legislature.

In a somewhat analogous situation in the case of In re Blatt, 41 N. Mex. 269, 287, 67 P. 2d 293, 304, 110 A. L. R. 656, 670, the court states:

"This being a special proceeding with no right of appeal provided (Los Alamos Ranch School v. State, 35 N. M. 122, 290 P. 1019), the judgment therein is reviewable, if at all, only upon certiorari, as we have just held it to be."

Since no right of appeal exists, the motion is sustained and the appeal dismissed.—Appeal dismissed.

HALE, OLIVER, STIGER, WENNERSTRUM, SAGER, GARFIELD, and BLISS, JJ., concur.