County Board of Education in and for Bremer County, appellee, v. Jessie M. Parker, State Superintendent of Public Instruction, appellant; Independent School District of Waverly et al., intervenors-appellants.

No. 47732.

(Reported in 45 N.W.2d 567)

January 9, 1951.

Robert L. Larson, Attorney General, and Oscar Strauss, Assistant Attorney General, for Jessie M. Parker, appellant.

Oliver J. Reeve and Burton E. Sweet, both of Waverly, for intervenors-appellants.

Zastrow & Noah, of Charles City, and George Faul, of Des Moines, for appellee.

H. S. Hunn, of Des Moines, amicus curiae.

WENNERSTRUM, C. J.—The primary question presented in this appeal is whether a school district has the right, under the present statute, to have reviewed in an action in certiorari a claimed illegal and unlawful ruling made by the state superintendent of public instruction relative to the establishment of school bus routes. A secondary question is whether a school district that did not appeal to the County Board of Education of

Bremer County when a township school district designated another school district to which it desired to send its pupils and which was not a party in a later appeal before the state superintendent of public instruction may file a joinder, as a party plaintiff, in a certiorari proceedings and, in substance, substitute itself for the original plaintiff. The trial court sustained a motion to quash the writ of certiorari as it applied to the original plaintiff, the County Board of Education of Bremer County, but overruled a motion to strike and dismiss the joinder for writ of certiorari filed by the Independent School District of Denver. The defendants, pursuant to permission granted by this court, have appealed from that portion of the court's decision overruling the motion to strike and dismiss the joinder.

The record discloses that, pursuant to an expression of a majority of the patrons of the sub-school District No. 6 of Jefferson Township, Bremer County, the school board of that district unanimously passed a resolution which designated the Waverly Public Schools for the attendance of children, both elementary and high school; and for the transportation of children to said school by the Waverly School District. Section 285.10, 1946 Code. Later the Bremer County Board of Education, by official action, disapproved the selection made by that school board. This action was taken on August 10, 1949. Following this decision of the county board of education, the Independent School District of Waverly, Iowa, along with certain patrons of the Independent School Districts No. 2 and No. 3, LaFayette Township, Bremer County, appealed to the Bremer County Board of Education. Section 285.12, 1946 Code (now section 285.12, 1950 Code), as substituted by chapter 116, section 10, Acts of the Fifty-third General Assembly. The school boards of the districts No. 2 and No. 3 of LaFayette Township had officially designated the school district of Waverly for the attendance of their pupils. A hearing was had before the county board on August 22, 1949, at which time the Waverly School District and the other interested parties appeared and were represented by counsel. On August 30, 1949, the Bremer County Board of Education rendered its decision and again disapproved the designation for school attendance and transportation which had been made by the school boards.

4

On September 2, 1949, the Independent School District of Waverly perfected an appeal to the State Superintendent of Public Instruction pursuant to the applicable statutes, and a record of all prior proceedings was filed with that official. Section 285.12, 1946 Code (now section 285.12, 1950 Code). In connection with that appeal, there was filed an appeal by certain patrons of the Independent School Districts No. 2 and No. 3, LaFayette Township. The appeal of the parties last-named involved the same questions as those raised in the appeal by the Independent School District of Waverly. On November 9, 1949, the state superintendent of public instruction filed a decision and reversed the action taken by the Bremer County Board of Education. Section 285.12, 1946 Code (now section 285.12, 1950 Code), as substituted by chapter 116, section 10, Acts of the Fifty-third General Assembly.

The state superintendent held that in overruling the action taken by the several school boards the county board of education exceeded its authority under the applicable statutes.

It was the order of the state superintendent of public instruction that certain changes should be made in bus route designations as previously directed by the county board of education. In making this redesignation of bus routes there was a duplication of routes for a short distance as used by the school districts of Waverly and Denver.

Following the filing of the decision of the state superintendent of public instruction, the County Board of Education of Bremer County filed a petition for writ of certiorari in the District Court of Polk County, Iowa, wherein it was alleged that the appellant, State Superintendent of Public Instruction, exceeded her authority when she changed and altered one of the bus routes of the Independent School District of Denver which had been approved by the county board of education and from which establishment no appeal had been taken. It was further alleged that the appellant exceeded her authority, acted beyond her jurisdiction, and acted contrary to law when she established by her order of November 9, 1949, overlapping and intersecting bus routes in Bremer County. It was also claimed that the state superintendent of public instruction had acted contrary to law and in excess of her jurisdiction in nullifying and abrogating

the powers given to the county board of education as provided by statute.

Thereafter the appellant, State Superintendent of Public Instruction, filed a motion to quash the writ of certiorari and to dismiss the county board of education's petition. It was therein alleged that under chapter 116, section 10 of the Acts of the Fifty-third General Assembly (now section 285.12, 1950 Code) the decision of the state superintendent of public instruction in matters of the designation of bus routes and the resulting designation of schools shall be final, and that consequently the county board of education has no right to have reviewed the decision of the state superintendent of public instruction. It was further alleged in said motion that the county board of education, in making its prior decisions, had acted in a quasi-judicial capacity and was, therefore, not a party in interest in the matters alleged in its petition, is not affected by the proceedings nor aggrieved by the decision of the superintendent of public instruction and has no statutory authority to assert or defend its previous orders or decisions on appeal. Later the Independent School District of Waverly, intervenors in the certiorari proceedings and appellants herein, filed a petition of intervention. It was therein stated that according to the pleadings the Bremer County Board of Education, in the certiorari proceedings, was not questioning the decision of the state superintendent of public instruction except as it pertained to school patrons, taxpayers and residents of the Independent School District No. 2, LaFayette Township, Bremer County, Iowa. It was also asserted that the Bremer County Board of Education had no power and authority to sue out and obtain a writ of certiorari in that said board of education is a creature of the legislature, an agent of the State of Iowa, is subordinate to the state superintendent of public instruction and cannot, therefore, question the decision of its superior in that by legislative enactment the decision of the state superintendent of public instruction in matters of this character is final. The intervenors further alleged that the district court has no jurisdiction or authority to attempt to review and nullify the act and decision of the superintendent of public instruction nor to issue a writ of certiorari for the purpose of reviewing said decision. It was also stated that the Bremer County Board

of Education, in its official capacity, or its members, have no authority to complain of the decision of the state superintendent of public instruction which reversed their prior decision, nor can they have the same reviewed or set aside by suing out a writ of certiorari in that the decision of the Bremer County Board of Education was a judicial act and that they have no authority or standing in court to question in any manner the decision of the state superintendent. It was further alleged that the county board of education was not an interested party in the proceedings and hearings before it and that, therefore, said board has no interest in this matter and has no right to question the decision of the state superintendent of public instruction by certiorari.

On February 6, 1950, the Independent School District of Denver, Iowa, filed a joinder for writ of certiorari wherein it seeks to join, as party plaintiff, the County Board of Education of Bremer County, Iowa, in the certiorari proceedings. In this pleading there were set out statements relative to establishment of certain bus routes out of Denver and facts pertaining to the ruling of the state superintendent of public instruction. Thereafter the Superintendent of Public Instruction, one of the appellants herein, filed a motion to strike and dismiss the joinder for writ of certiorari. It was therein alleged that the Independent School District of Denver, Iowa, cannot be substituted as the party plaintiff in the action for writ of certiorari inasmuch as the original party, the County Board of Education of Bremer County, has no legal right, authority or capacity to sue or be sued and has no right to commence a certiorari action in the Polk County District Court. It is also asserted that the Independent School District of Denver, Iowa, is a creature of the legislature and that it is subject to the orders, directions and supervision of the state superintendent of public instruction and, therefore, has no authority or jurisdiction to question the decision of its superior. It was further alleged that the district court did not have jurisdiction or authority to permit this school district to become a party plaintiff in this cause or to be substituted as such in that under the statute it was incumbent upon said school district if it had any complaint to first present its

cause to the county board of education and then by taking an appeal to the state superintendent of public instruction.

Certain patrons of one of the interested districts, along with the Independent School District of Waverly, also filed motions to strike and dismiss the joinder for writ of certiorari wherein there were set out somewhat similar statements incorporated in the prior referred to motion to strike.

On May 2, 1950, the trial court filed its ruling and order upon the several motions and held that the County Board of Education of Bremer County, Iowa, does not have a right to have reviewed the acts of the state superintendent of public instruction for the reason that said board was not a party to the original proceedings, had no interest in the controversy and that inasmuch as it had previously acted in a quasi-judicial capacity it is not now a proper party to bring certiorari. The court held that the petition of the county board of education should be quashed. It, however, held that the joinder filed by the Independent School District of Denver, Iowa, was a proper one and that by reason of the fact that the state superintendent of public instruction was exercising a judicial function her acts are reviewable by certiorari and that the Independent School District of Denver, Iowa, is a proper party under the pleadings herein to demand such a review. It overruled the motions to strike the joinder filed by the Denver School District.

I. It is the claim of the appellants that the trial court erred in holding that the decision of the State Superintendent of Public Instruction was subject to review by certiorari upon the joinder to the original petition as filed by the Independent School District of Denver, Iowa. It is maintained that, under the statute, the decision of the state superintendent of public instruction, under the particular circumstances here involved, is final and is not subject to review by certiorari or otherwise. We shall not set out in their entirety the applicable statutes. It was originally provided in section 285.12, 1946 Code (now section 285.12, 1950 Code) relative to the hearing of appeals by the state superintendent of public instruction, as follows: "* * * and his decision shall be subject to appeal to the district court." This section was repealed, and in lieu thereof there was enacted a section which was somewhat similar to the one repealed. Chap-

ter 116, section 10, Acts of the Fifty-third General Assembly (now section 285.12, 1950 Code). It was therein enacted that in connection with appeals heard by the state superintendent of public instruction "* * * his decision shall be final." We thus observe that the legislature, by its last enactment, stated that the decision of the State Superintendent of Public Instruction, in these particular matters over which that official has jurisdiction, shall be final.

It is the claim of the appellant that this present action is controlled by our prior holding in Independent School District of Cedar Rapids v. State Appeal Board, 230 Iowa 924, 927, 928, 299 N.W. 440, 442. This court therein passed upon an applicable section of the statute pertaining to budgetary appeals. The particular portion of the statute then under consideration was, in part, as follows: "After a hearing upon such appeal, the state board shall certify its decision with respect thereto to the county auditor, and such decision shall be final." Section 390.7, 1939 Code (section 24.31, 1946 Code.) We therein held, "* * * that the decision of the State Board being final, the trial court erred in attempting to nullify its action." It was also therein held that certiorari could not be invoked by one agency of the state who questioned the decision of a superior agency when the decision of the latter one was, by statute, made final.

This court has heretofore passed upon somewhat similar statutes. In State ex rel. Arnold v. Thomas, 152 Iowa 500, 502, 503, 132 N.W. 842, 843, we stated:

"Section 2820 of the Code [1897] authorizes an appeal from the county superintendent to the Superintendent of Public Instruction, and says that 'the decision when made shall be final.' * * * Any question that is appealable to the county superintendent is appealable to the Superintendent of Public Instruction, and when he has jurisdiction of both the subject matter and the parties his decision is final. [Citing cases.]"

In Carpenter v. Independent District No. 5, 95 Iowa 300, 302, 63 N.W. 708, 709, it is stated:

"When an appeal has been taken to the superintendent of public instruction, his decision is final. Code [1873], section

1835. It is an adjudication for which the statute provides, and is intended to settle the matters in controversy between the parties to the appeal."

In Newby v. Free, 72 Iowa 379, 381, 34 N.W. 168, 169, this court dealt with the question of a selection of a schoolhouse site and an appeal to the county superintendent and a subsequent appeal to the superintendent of public instruction:

"The decision of the latter the statute provides shall be final. (Code [1873], §§ 1829–1835, inclusive.) Of course, this provision of the statute must be construed to include only such matters as are within the jurisdiction of the several school officers above mentioned, and of which and the parties jurisdiction is obtained as provided by law. As to such questions the decision of the superintendent of public instruction must be regarded as final and conclusive, and binding on the parties, and it follows that such decisions must be enforced by the courts."

In the case of State ex rel. Fletcher v. Webster County, 209 Iowa 143, 145, 146, 227 N.W. 595, 598, this court dealt with the question of the legal settlement of an insane patient and applicable statutes, which provided that in case of a dispute an action should be brought in the district court to determine the question of legal settlement and that, "'Any decision by the court shall be final.'" It was therein stated:

"Though the statute provides for a hearing before the district court, yet it could have provided such hearing before a non-judicial tribunal. If another tribunal had been provided before which the proceeding should be heard, then surely no appeal would lie from such tribunal to this court. In setting the proceeding for hearing before the district court, it was yet competent for the legislature to provide that a decision by that court should be the end of the procedure. Unless the statutory sentence under consideration was intended to accomplish just such a result, we are unable to discover or to surmise what possible function it could serve."

In State ex rel. Rankin v. Woodbury County, 231 Iowa 356, 1 N.W.2d 223, we dealt with a statute which was considered in

State ex rel. Fletcher v. Webster County, supra. We therein followed the Webster County case.

It is, therefore, our conclusion that where there is a statute such as we have here under consideration, the decision of the State Superintendent of Public Instruction is final and is not subject to review provided that official has jurisdiction of the parties and subject matter.

■ II. It is the claim of counsel for the Independent School District of Denver, Iowa, appellees herein, that the State Superintendent of Public Instruction was without jurisdiction in the matter determined by that official. Reference is made to section 285.12 of the 1946 Code (now section 285.12, 1950 Code) and the substituted enactment as made by the Fifty-third General Assembly. This substituted section initially states that: "In the event of a disagreement between a school patron and the board of the school district, the patron if dissatisfied with the decision of the district board, may appeal the same to the county board of education * * *." It is further therein provided that either party may appeal the decision of the county board to the state superintendent of public instruction. It is maintained by the Independent School District of Denver that this section deals only with disputes between patrons of a school district and its local board and has nothing to do with the county board of education. It is contended that in the instant case the circumstances are entirely different. In connection with this contention we call attention to section 285.13 of the 1946 Code which is here applicable:

"Disagreements between boards. In the event of a disagreement between the board of a school district and the county board of education, the board of the school district may appeal to the state superintendent of public instruction, and the procedure and times provided for in section 285.12 shall prevail in any such case."

It will be observed that section 285.12, as substituted, is applicable to the situation presented in the instant case by the section last-quoted. It is apparent to us that there was a dispute and disagreement between the several boards. This is evidenced by the fact that in the petition of the County Board of Educa-

tion of Bremer County for a writ of certiorari, it is set out that the Independent School District of Waverly, Iowa, requested the county board of education to establish a certain route, that the Independent School District of Denver, Iowa, requested the establishment of a certain route and that the county board of education had established a certain route for the Independent School District of Denver as requested by that district. It is further alleged in the board's petition that an appeal was taken to the state superintendent of public instruction relative to the establishment of one of the Waverly bus routes. All these facts, as set out in the petition, indicate that there was a dispute between school districts which had been considered by the county board of education and which resulted in a disagreement between one of the boards and the county board of education. Under the circumstances it is our conclusion that the state superintendent of public instruction had jurisdiction of the parties and the subject matter.

Inasmuch as the State Superintendent of Public Instruction had jurisdiction of the parties and subject matter and under the statute this official's decision is final, we hold that this decision is not subject to review by writ of certiorari.

III. The purpose of a writ of certiorari is not to review mere errors but its function is to annul proceedings where it appears that an order of a court or an official is invalid because it or the official has exceeded its or his jurisdiction or has acted illegally. Home Owners Loan Corp. v. District Court, 223 Iowa 269, 273, 272 N.W. 416; Haas v. Contest Court, 221 Iowa 150, 152, 265 N.W. 373; Jones v. Fisher, 156 Iowa 582, 587, 137 N.W. 940. Inasmuch as we have previously held that the state superintendent of public instruction did have jurisdiction in this matter under the statute, it naturally must follow that certiorari will not lie under the facts in this case. In connection with our consideration of the applicability of a writ of certiorari in the present case, we think our holding in Independent School District of Cedar Rapids v. State Appeal Board, 230 Iowa 924, 927, 299 N.W. 440, 442, is applicable. We there stated:

"We are not unmindful of the provisions of section 12456, Code, 1939, which deals with certiorari nor do we overlook the

fact that we have said that is a proper remedy where no appeal is provided for and there is no plain, spcedy or adequate remedy elsewhere. But we have not decided in any case like this where the contending parties are agents of the state that the subordinate may question the decision of the superior agency when the decisions of the latter are by the very terms of the legislative mandate, final."

Under the record we hold there is no justification for the issuance of a writ of certiorari.

We, therefore, hold that the trial court was in error in not sustaining the motion to strike and dismiss the joinder for writ of certiorari as filed by the Independent School District of Denver, Iowa. We therefore reverse.—Reversed.

BLISS, GARFIELD, HAYS, MULRONEY, OLIVER, and SMITH, JJ., concur.

MANTZ, J., not sitting.