OTTO EVERDING et al., appellants, v. BOARD OF EDUCATION in and for Floyd County et al., BOARD OF EDUCATION (Cerro Gordo County et al.) and BOARD OF EDUCATION (Mitchell County et al.) appellees.

No. 48921.

(Reported in 76 N.W.2d 205)

744

April 4, 1956.

Murray H. Finley and Thomas C. Teas, both of Mason City, and B. C. Sullivan, of Rockford, for appellants.

Laurence E. Plummer, of Northwood, and Zastrow, Noah & Smith, of Charles City, for appellees.

GARFIELD, J.—The question presented is whether residents of an existing school district are authorized by statute to appeal from an order of joint boards of education of three counties, under section 275.16, Code, 1954, determining and fixing the boundaries of a community school district, proposed to be established under Code (1954) chapter 275, to include land within the existing district. In adjudicating a law point under rule 105, Rules of Civil Procedure, the district court held such residents are not authorized to appeal. From judgment dismissing their petition pursuant to such adjudication plaintiffs have appealed to us. We affirm the decision.

Plaintiffs reside in Falls Township Consolidated Independent School District in Cerro Gordo county. Although we do not regard it as important, collectively they constitute the board of directors of that district. Incidentally, and this too we think is

unimportant, it is not claimed the district is a party to this action. The county boards of education of Floyd, Cerro Gordo and Mitchell counties, acting as a single board under Code section 275.16, determined and fixed the boundaries of a community school district of Nora Springs, proposed to be established under Code chapter 275, to include certain land in the Falls Township district.

Thereafter plaintiffs appealed the decision of the joint boards to the state superintendent of public instruction. However, she held an appeal from such a decision by individuals would not lie and dismissed the appeal. Pursuant to section 275.18, notice was published of an election upon establishment of the proposed district. Plaintiffs then brought this action against the joint boards in the district court of Floyd county as an appeal from the above order made by them.

Plaintiffs' petition alleges the facts just mentioned and indicates their principal contentions on the merits are that land should not be taken from the Falls Township district for the new community district without a vote of all qualified voters in the existing district and if this may be done such action is unconstitutional as a wrongful delegation of authority, a denial of equal protection of the law and an arbitrary deprivation of a vested property interest. They asked that the order of the joint boards be set aside insofar as it pertains to land in the Falls district and that the holding of the election be enjoined.

Regarding defendants' answer to plaintiffs' petition it is sufficient to say it admits the factual matters we have referred to but denies plaintiffs are such persons as may appeal from defendants' order determining and fixing boundaries of the new district. Upon defendants' application under rule 105, Rules of Civil Procedure, and with plaintiffs' agreement the district court adjudicated this point of law. The ruling was in defendants' favor and since this disposed of the case plaintiffs' petition was dismissed at their costs.

 The case involves the proper interpretation of the applicable sections of chapter 275. It is fundamental that the right of appeal is purely a creature of statute. Such right was unknown at common law. It is not an inherent or a constitutional

right and the legislature may grant or deny it at pleasure. Van der Burg v. Bailey, 207 Iowa 797, 799, 223 N.W. 515, 516; Wissenberg v. Bradley, 209 Iowa 813, 821, 229 N.W. 205, 67 A. L. R. 1075, 1081, and citations; Dean v. Clapp, 221 Iowa 1270, 1272, 268 N.W. 56; State ex rel. McPherson v. Rakey, 236 Iowa 876, 878, 20 N.W.2d 43, 44, and citations, including 2 Am. Jur., Appeal and Error, section 6, which cites numerous decisions for the proposition, "unless the statute expressly or by plain implication makes provision therefor, there is no right of appeal." Thus plaintiffs have no right of appeal here unless it is conferred by chapter 275. It is not claimed any other statute confers such a right.

In reaching the correct interpretation of the applicable provisions of chapter 275 we should consider the entire Act and, so far as possible, construe its various provisions in the light of their relation to the whole. This is a fundamental rule of statutory construction. Ahrweiler v. Board of Supvrs. (Oliver, J.), 226 Iowa 229, 231, 283 N.W. 889, 890; Board of Park Commissioners v. City of Marshalltown, 244 Iowa 844, 851, 58 N.W.2d 394, 398, and citations; Wolf's v. Iowa Employment Security Comm., 244 Iowa 999, 1006, 59 N.W.2d 216, 220, and citations. See also McCarthy v. Iowa Employment Security Comm. (Smith, J.), 247 Iowa 760, 76 N.W.2d 201.

Chapter 275 was enacted in April 1953 as chapter 117, Acts of Fifty-fifth General Assembly. It amended and revised chapters 275 and 276, Code, 1950. While we have considered some phases of the law the question now presented is new. Much of chapter 275 is analyzed and parts of it are quoted in an article by Eugene Davis in 39 Iowa Law Review 570, and one by LeRoy R. Voigts in 3 Drake Law Review 57.

The two most important Code sections now to be considered are 275.16 and 275.8. They are the only ones in the chapter which refer to a right of appeal. (Section 275.18 provides for delay in giving notice of election on establishment of joint districts, i.e., those lying in two or more adjacent counties, until time for appeal has expired.) However it seems desirable to set out not only 275.16 and 275.8 but other provisions in the chap-

ter, which bear on the problem presented in the numerical order in which they appear.

"275.1 Declaration of policy—surveys. It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. * * * the county board of education in each county of the state shall initiate detailed studies and surveys of the school districts within the county and territory adjacent thereto for the purpose of promoting such reorganization of districts by unions, mergers, reorganizations or centralization as will effect more economical operation and the attainment of higher standards of education in the schools.

"275.8 Co-operation of state department. The state department of public instruction shall co-operate with the several county boards of education in making the studies and surveys required hereunder. In the case of controversy *over the planning* of joint districts, the matter shall be submitted to the state board of public instruction and its decision may be appealed to a court of record in one of the counties involved, by an aggrieved party to the controversy, within thirty days after the decision of the state board of public instruction. Joint districts shall mean districts that lie in two or more adjacent counties. (Emphasis added.)

"275.12 Petition. A petition describing the boundaries of the proposed district, which boundaries shall conform to county plan or the petition shall request amendment of the county plan, * * * shall be filed with the county superintendent of the county in which the greater number of the qualified electors reside.

"275.14 Objection—time of filing—notice. Within ten days after the petition is filed, the county superintendent shall fix a final date for filing objections to the petition * * * and give notice for at least ten days, by one publication * * *. Objections shall be in writing * * *.

"275.15 Hearing—decision—publication of order. * * * the county board of education shall review the matter on its merits and * * * rule on the objections and shall enter an order fixing such boundaries for the proposed school corporation as

will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts or dismiss the petition which shall be final. If such boundaries are neither those petitioned for nor those fixed by the county plan, the hearing shall be adjourned and notice for the adjourned hearing shall be given in the same manner as hereinabove provided and upon the final hearing the board shall fix the boundaries, or dismiss the petition which shall be final. * * *.

"275.16 Hearing when territory in different counties. If the territory described in the petition for the proposed corporation lies in more than one county, the county superintendent with whom the petition is filed shall fix the time and place and call a joint meeting of the members of all the county boards of education of the counties in which any territory of the proposed school corporation lies, to act as a single board for the hearing of the said objections, and * * * it shall determine and fix boundaries for the proposed corporation as provided in section 275.15 hereof, or dismiss the petition, unless county plans are amended in which event the decision of the joint county boards may be appealed as provided in section 275.8. * * *.

"275.18 Special election called—time. When the boundaries of the territory to be included in a proposed school corporation have been determined as herein provided, the county superintendent with whom such petition is filed shall call a special election in such proposed school corporation within thirty days from the date of the final determination of such boundaries, by giving notice by one publication * * *. In the case of joint districts, no notice for an election shall be published until the time for appeal, which shall be the same as that provided in section 285.12, has expired; and in the event of an appeal, not until the same has been disposed of."

We will refer to some other statutes but think it is unnecessary to quote them now.

It is clear the statutes do not provide for an appeal such as this by anyone direct to the district court from the determining and fixing of boundaries by joint boards. The only appeal from such a determination is first to the state board of public instruction and from its decision to the district court. (See sections 275.16, 275.8 above.) However, plaintiffs did at-

tempt to appeal first to the state department which, as stated, held such an appeal by individuals would not lie. Therefore it seems only fair that we treat this action as if it were an appeal from an adverse decision of the state board and disregard the fact plaintiffs have attempted to appeal direct to the district court from the fixing of boundaries by the joint boards.

It is also plain from 275.16 that an appeal from such action of joint boards is authorized only where in fixing boundaries of a proposed district county plans are amended. Although plaintiffs' petition does not so allege it seems to have been conceded in the district court the fixing of boundaries here involved an amendment to county plans. We consider the case on this assumption.

Although some provisions of chapter 275 are not models of clarity others seem entirely plain. For example it seems clear that where the proposed district lies wholly within one county individuals have no right of appeal from an order of the county board fixing the boundaries or dismissing the petition for the proposed district. In the first place, the statute (principally section 275.15) contains no provision for such an appeal. Further, 275.15 states in two places such an order "shall be final." This is true even though the boundaries fixed "are neither those petitioned for nor those fixed by the county plan." We have held, in effect, similar language in sections 276.8, 276.9, Code, 1950 (superseded by the present chapter 275), meant just what it said, the fixing of boundaries or dismissing the petition by a county board was final and no appeal was provided for. Anderson v. Hadley, 245 Iowa 550, 562, 63 N.W.2d 234, 241; State ex rel. Howson v. Consolidated School District (Hays, J.), 245 Iowa 1244, 1249, 65 N.W.2d 168, 172. See also County Board of Education v. Parker ( Wennerstrum, J.), 242 Iowa 1, 7–10, 45 N.W.2d 567, 570, 571, and citations.

Section 275.18, quoted above, clearly implies there is no right of appeal from an order of a single county board fixing boundaries of a proposed community district lying wholly within that county. It says: "In the case of joint districts, no notice for an election shall be published until the time for appeal * * * has expired; * * *." Under the familiar rule of construction for

which authorities need not be cited, the mention of one thing (joint districts) impliedly excludes others.

Section 276.5, Code, 1950, provided the boundaries of a proposed district should first be fixed or the petition dismissed by the county superintendent. Section 276.6 stated "any petitioner, or any person who filed objections, or any person residing upon or owning land included in or excluded from the district by any change in the boundary lines from those proposed in the petition, may appeal from the decision of the county superintendent to the county board of education * * *." It is somewhat significant that there is no provision in the present chapter 275 conferring any right of appeal upon any such individuals as were given that right by old section 276.6.

No logical reason has been suggested and none occurs to us why individual residents should be given the right to appeal from the fixing of boundaries of a proposed district where it lies in two or more counties when the legislature has seen fit to deny such right where the district is within a single county. The rights of an individual may well be as seriously affected by the formation of a district in a single county as by the formation of a joint district.

Section 275.10 is long and we have not set it out. It provides that "Pursuant to county plan and upon the approval of the county board" any two districts which have a common boundary shall be merged by concurrent action of their boards of directors provided such action is approved by a majority of voters in each district. There is no provision for objections to such a merger, nor for any appeal, by individuals. The only method prescribed for individuals to object to such a merger is by voting against it at the polls. It is clear the boundaries of such a merged district are those fixed by the county plan, formulated by the county board. It would seem the rights of individuals in two-district mergers are as vital as those of individuals in such a reorganization as is here proposed.

It appears from chapter 275 that the first step in reorganization of school districts is the initiation by the board of each county of detailed studies and surveys of the districts within the county and territory adjacent thereto. (Section 275.1.) These

studies and surveys are followed by the adoption by county boards of tentative and final county plans. (The final plans, however, appear to be subject to later amendment.) We find no provision in chapter 275 for notice to individuals or school districts, or their right to be heard, or the right of appeal, in the formulation or adoption of county plans. Such matters seem to rest entirely with the county boards although it is the duty of the state department of public instruction to co-operate with the boards in making the studies and surveys. (Section 275.8.)

The importance of the county board in school reorganization under chapter 275 is emphasized in section 275.6 (not heretofore set out) which states: "It is the intent of this chapter that the county board shall carry on the program of reorganization progressively and shall, insofar as is possible, authorize submission of proposals to the electors as they are developed and approved." One of the conclusions stated in Mr. Voigts' article, supra, in 3 Drake Law Review 57, 71, is that under chapter 275 "The position of the county board of education as the supreme agency at all stages of reorganization proceedings is fortified."

Section 275.8 (heretofore quoted) is the only section in the chapter which provides directly for an appeal. Section 275.16 refers back to 275.8 which says, "In the case of controversy over the planning of joint districts, the matter shall be submitted to the state board of public instruction * * *." It seems fairly clear that "controversy over the planning of joint districts" (i.e., "in two or more adjacent counties") means dispute between the county boards of the counties involved. The legislature could hardly have contemplated that individuals who need not be consulted and are not entitled to notice or hearing in the formulation of plans would be parties to "controversy over the planning of joint districts." We think it reasonably follows that under 275.8 a county board is the only party entitled to submit to the state department a controversy over the planning of a joint district.

It is true 275.8 provides the decision of the state board may be appealed to a court of record "by an aggrieved party to the controversy." Under our interpretation of 275.8 this means "an aggrieved county board." It is not reasonable that any

party would be authorized to appeal to a court from the decision of the state board unless first entitled to submit the controversy to the board. It may be conceded it would have made for clarity if 275.8 had said "an aggrieved county board" instead of "an aggrieved party to the controversy." But we frequently find statutes do not contain the precise language that might have been used.

Section 275.16 (previously quoted except for two omissions) provides the boundaries of a joint district shall be fixed by the county boards of the counties in which any territory of the proposed district lies, acting as a single board, and *in the event county plans are amended* in so doing "the decision of the joint county boards may be appealed as provided in section 275.8." It follows from our interpretation of 275.8 that only an aggrieved county board may, in the event of an amendment to its county plan, appeal to the state department and if its decision is adverse, to the district court. This was the view of the district court. The right of appeal under 275.16 seems to be granted only for the protection of a county plan where joint boards fix boundaries of a proposed district that do not conform to the plan. It seems logical that the county board take whatever steps are necessary to protect its county plan.

Theoretically at least it is quite likely that in fixing boundaries of a joint district one county board may be outvoted and its county plan disregarded. It is clear this might happen in a three-county district. It might also easily happen in a two-county one because of absence or disqualification to act of one or more members of the aggrieved county board or because under section 275.17 "A tie vote of members at a hearing under sections 275.15 or 275.16 shall be deemed as granting the petition." As previously explained, under 275.16 the joint boards act as a single board.

Plaintiffs argue it is illogical to permit a county board to appeal from a decision by a group composed in part of members of the county board. This does not seem so illogical, however, when it is kept in mind appeal lies only where there is controversy over the planning of joint districts or where in fixing boundaries thereof county plans are amended and undoubtedly

county boards are the formulators and in a sense the protectors of county plans. Indeed what may be called the appeal to the state board in case of controversy over the planning of joint districts is not so much an appeal in the accepted legal sense as it is the settling of a dispute between county boards who have disagreed. Section 275.8 says "the matter shall be submitted to the state board * * *."

State ex rel. Harberts v. Klemme Community School District (Larson, J.), 247 Iowa 48, 72 N.W.2d 512, 514-5, expresses the opinion sections 275.8 and 275.16 authorize a county board to appeal from the fixing of boundaries of a joint district by joint boards. It says (page 52 of 247 Iowa, page 514 of 72 N.W.2d): "If the Hancock County Board did not approve of the Belmond petition after the joint board action, its remedy was by appeal to the state board of public instruction, whose decision is appealable to the district court. Sections 275.8 and 275.16. This is the prescribed and governing procedure."

While the cited decision does not involve the question we have here as to whether individuals may also appeal from the fixing of boundaries by joint boards it contains this language which points in the direction of our decision here (page 53 of 247 Iowa, page 515 of 72 N.W.2d): "The legislature seems to have preferred to intrust to the respective county boards of education the duty to protect against the gerrymandering or ill-advised or designed redistricting, and perhaps this is sufficient. They are usually composed of persons of integrity and high purpose."

Two decisions of district judges on the question presented to us, other than the one here appealed from, have come to our attention. One is in the case of Signer v. Crawford County, Iowa, Board of Education, 247 Iowa 766, 76 N.W.2d 213. All three decisions give evidence of careful study of chapter 275. All reach the same result.

It is fairly to be inferred from the record and briefs that the state department of public instruction has interpreted chapter 275 to mean that only an aggrieved county board may appeal from the fixing of boundaries of a joint district by joint boards. While of course this is not controlling it is a matter

entitled to at least some weight. The construction placed on the law by the state department is entitled to less weight than if it were of longer standing. However, it could scarcely have been of longer standing here. The Act has been in effect a little less than three years. See Yarn v. City of Des Moines, 243 Iowa 991, 996, 997, 54 N.W.2d 439, 442, and citations.

The practical effect of permitting individuals to appeal to the state department and then to the district court from the fixing of boundaries of a joint district by joint boards might result in placing upon the department and the court the duty to settle numerous individual grievances over the establishment of such boundaries. We do not think the legislature intended this. Nor do we believe either the state department or the district court is better able to determine such grievances than the joint boards. Where, in the fixing of boundaries of joint districts "county plans are amended," dissatisfied individuals will have to persuade the county board to appeal to the state department or persuade the voters to defeat the creation of the proposed district at the polls.

Perhaps these plaintiffs might have brought a declaratory-judgment action under rules 261 to 269, Rules of Civil Procedure, to have determined the question of the validity of chapter 275 in the respects in which their petition indicates they claim it is unconstitutional. No such question is presented to us, nor was it raised in the district court, and we decline to consider or express an opinion upon it. Certainly there is no suggestion the judgment should be reversed on the theory plaintiffs are entitled in this action to a declaration of their rights under rules 261 to 269.—Affirmed.

All JUSTICES concur.