WAPELLO COUNTY BOARD OF EDUCATION and I. J. HICKMAN, secretary and executive officer of same, appellants, v. JEFFERSON COUNTY BOARD OF EDUCATION and E. E. GREEN, secretary and executive officer of same, appellees.

No. 50610.

MAY 8, 1962.

Jones, White & Johnson and Joe W. Griffin, all of Ottumwa, for appellants.

Jordan & Jordan and Gary L. Cameron, all of Fairfield, for appellees.

THOMPSON, J.—We are here confronted for the first time with the necessity for a proper construction of chapter 192, Laws of the Fifty-eighth General Assembly. This chapter amended chapter 275 of the 1958 Code of Iowa, and is now known as section 275.40. It is true we referred to this section in Rural Independent School District of Osprey v. County Board of Education of Monroe County, 253 Iowa 265, 267, 111 N.W.2d 691, 692. But the statute was only incidentally involved in that case, and the questions now presented were not raised or decided. Although the amendment is somewhat lengthy, it is vital to the determination of the case before us and we set it out in full.

"SECTION 1. Amend chapter two hundred seventy-five (275), Code 1958, by adding the following new section:

"In addition to the procedure set forth in sections two hundred seventy-five point twelve (275.12) to two hundred seventy-five point twenty-three (275.23) inclusive, relating to the organization of a proposed school district, a school district not operating a high school that is contiguous to a high school district may merge with said high school district in the following manner:

(1) A petition signed by at least twenty percent (20%) of the qualified voters of such school district not operating a high school, proposing that said district be included in said high school district, shall be filed with the county superintendent of the county which has jurisdiction over the high school district and a duplicate copy with the school board of the high school district.

(2) The school board of the high school district involved shall, after the filing of said petition, take action at the next regular board meeting or a special meeting called for that purpose, agreeing or refusing to accept said school district not operating a high school into said high school district and filing a record of such action with said county superintendent.

(3) If the said school board of the high school district agrees to accept said school district not operating a high school,

said county board shall approve or disapprove said merger proposal. The county superintendent shall fix a time and place for filing objections, cause one notice thereof to be published at least ten (10) days prior thereto in a newspaper published within the high school district or if none is published therein then in a newspaper of general circulation in the high school district; and in the event of the filing prior to said time of a petition signed by voters in the high school district involved equal in number to at least twenty percent (20%) of the number of eligible voters or four hundred (400) voters, whichever is the smaller number, objecting to such board action, the entire action shall be void and in order to effect said merger it shall be necessary to proceed as provided in section two hundred seventy-five point twelve (275.12). In case of a controversy over county plans which would affect a proposed merger, said merger must have the approval of the state board of public instruction which decision shall be final and no further action shall be taken until such approval is granted. Any county board of education affected or either local board of education involved may submit the controversy to the state department of public instruction within ten (10) days after the decision of the county board or county boards of education.

(4) If approved as set forth above, an election shall be held as provided in this chapter in said school district not operating a high school and if approved by a majority of those voting, said district shall become merged with said high school district on the July 1 following said election."

This Act became effective on publication on May 14, 1959. On January 23, 1958, the plaintiff and defendant boards of education, hereinafter referred to as plaintiff and defendant, had conducted joint planning of school districts for all the area lying between the then Fairfield Community school district, lying entirely in Jefferson County, and the Cardinal Community school district, entirely in Wapello County on the west. The Locust Grove School district lies between and is contiguous to the first named districts. It consists of about seven square miles in Jefferson County and 95 acres in Wapello County. It is a non-high-school district. The joint planning of January 23, 1958, assigned the Locust Grove district to the Cardinal Community district,

although it was provided that "The area which is in Locust Grove Township and is more than four sections would be allowed to come to a vote and the wishes of the people would be considered." The planning was approved by the state department of public instruction.

On February 6, 1961, section 275.40 being then in effect, a petition signed by 37 qualified voters of the Locust Grove district was filed with the county superintendent of Jefferson County, asking a merger of that district with the Fairfield Community district. There were then about 53 voters in the Locust Grove district, so that the petition was signed by well above the twenty per cent required by section 275.40. There is no dispute as to this.

On the same date, February 6, 1961, the Fairfield district agreed to accept the Locust Grove district, and on February 7, 1961, it filed the record of its acceptance with the county superintendent of Jefferson County. The Jefferson County Board of Education thereupon notified the Wapello County Board that a meeting would be held to discuss the merger. This was not a joint meeting of the two boards. Each met separately in Fairfield on March 6, 1961. The Jefferson County Board at that time approved the merger, while the Wapello County Board disapproved it. The Jefferson County superintendent, by direction of that county's board of education, caused to be published on March 18 following in the Fairfield Daily Ledger a notice of the merger proposal, fixing March 28, 1961, as the time for filing objections, all in accordance with the provisions of section 275.40 (3), supra. No objections were filed, and the Jefferson County Board proceeded, after due notice, to hold an election, at which the merger proposal carried by a substantial majority of the Locust Grove votes.

The merger question was not submitted to the state board of public instruction and it has never either approved or disapproved it. But the plaintiff board thinks this was a necessary condition precedent to the final effectiveness of the merger, and its action in certiorari is based chiefly on that contention. The trial court disagreed, and so we have this appeal. There is no dispute in the facts. We must interpret, for the first time, the proper application of section 275.40.

■ I. The legal questions raised cover a considerable field, and many of our previous cases construing the school laws of the state are cited and discussed. However, we think few if any of them are directly in point. We are here considering a new statute. As it makes clear, it was enacted for the stated purpose of providing an alternate procedure for merging school districts to that outlined in sections 275.12 to 275.23 inclusive; and it applies only to the merger of a school district not operating a high school with a contiguous high-school district. It was the evident thought of the legislature that a simplified and more direct procedure should be available under these circumstances.

II. We are not concerned with the question of the proper use of certiorari to raise the issues. The plaintiff has used it, and the defendant states that it does not question the procedure, but contends the writ should be annulled on the merits.

■ III. We have several times said that in matters of reorganization of school districts we will liberally construe the law with a view to promoting a better structure of the schools in the state. Turnis v. Board of Education in and for Jones County, 252 Iowa 922, 938, 109 N.W.2d 198, 208; Branderhorst v. County Board of Education, 251 Iowa 1, 6, 99 N.W.2d 433, 435, 436; Board of Education in and for Franklin County v. Board of Education in and for Hardin County, 250 Iowa 672, 676, 95 N.W.2d 709, 711, 712. Indeed, the legislative intent to encourage the reorganization of school districts into more economic and efficient units is clearly expressed in section 275.1. We must conclude that the legislature was following this purpose in enacting section 275.40. As to contiguous high-school and non-high-school districts it apparently felt the procedure outlined in sections 275.12 through 275.23 was not in all cases the best; that some less cumbersome and technical method was needed; and it acted accordingly.

IV. The plaintiff cites and relies considerably on Springville Community School District v. Iowa Department of Public Instruction, 252 Iowa 907, 109 N.W.2d 213, and Brighton Independent School District v. County Board of Education of Keokuk, Jefferson and Washington Counties, 252 Iowa 734, 108 N.W. 2d 510. But these cases were concerned primarily with section 275.16, with which we have no concern here. It is one of the

sections which may be, and was in this case, by-passed by the alternative method provided by section 275.40.

V. The joint boards of the two counties having agreed on a joint county plan in 1958, with the approval of the state board, no additional studies or surveys were required under sections 275.1 to 275.5 and sections 275.8 and 275.9. Board of Directors of Pleasant Hill Independent School District v. Board of Education of Polk, Jasper and Marion Counties, 252 Iowa 1000, 1008, 109 N.W.2d 218, 223; Archer v. Board of Education in and for Fremont County, 251 Iowa 1077, 1079, 1080, 104 N.W. 2d 621, 623. In the latter case we said: "But other statutes make it equally clear that once a county plan is adopted additional studies and surveys are not a prerequisite to the fixing of boundaries of a proposed reorganized district which differ from the county plan. * * *." We quoted this with approval in Board of Directors of Pleasant Hill Independent School District v. Board of Education of Polk, Jasper and Marion Counties, supra.

VI. Plaintiff refers to this language of section 275.40, subsection 3: "In case of a controversy over county plans which would affect a proposed merger, said merger must have the approval of the state board of public instruction which decision shall be final and no further action shall be taken until such approval is granted." This, the plaintiff thinks, is a condition precedent to any legal merger. But the quoted language is immediately followed by this: "Any county board of education affected or either local board of education involved may submit the controversy to the state department of public instruction within ten days after the decision of the county board or county boards of education."

In construing statutes we must consider every part and all the language used. While the sentence first quoted above in this division, standing alone, would support the plaintiff's contention, it must be read with the language next set out. If there were a controversy and no action of the county board were to be effective until the approval of the state board of public instruction had been received, it is difficult to conceive of any purpose for the following sentence, which gives any affected board the right to take the matter to the state board within ten days. The

first quoted sentence, under plaintiff's interpretation, would require an automatic reference to the state board for its approval or disapproval. Why, then, need there be any provision permitting any party to submit the controversy to the state board, and fixing a time limit? We think the true meaning of the two sentences, read together, is that if there is a controversy, any party affected may take the matter to the state board within ten days, and if this is done, the merger is not final until the approval of the board is received.

But if no affected board takes action within the ten-day period prescribed, the action of the high-school district becomes final and effective. Whether there was a real controversy here in the sense intended by the statute may be doubted; but if there was such a controversy between the boards, it was not a controversy within the knowledge of the state board or requiring any action by it until some board affected by the merger took action to submit the matter to it. The plaintiff board had knowledge of the action of the defendant board on March 6, 1961; but it took no action either within ten days from that date, or within ten days from the time fixed for filing objections, when the action of the Jefferson County Board became final. Its first official protest of any kind was the commencement of this action. We think the legislature intended that the "controversy" referred to by it in section 275.40 must be something more than an argument or mere difference of opinion between two school boards; it must be something of sufficient weight and importance to lead one of them to bring the matter to the attention of the state board for its determination. This is the reason ten days are given for submission to the state department; and if no board considers the "controversy" requires such submission, the decision of the high-school district becomes final and effective. If no one takes such action we must conclude there was no real "controversy" within the meaning of the Act.

VII. The plaintiff stresses the language of the last sentence of section 275.40(3), in which it is said that "Any county board of education affected or either local board of education involved may submit the controversy to the state department of public instruction within ten days after the decision of the county board or county boards of education." The use of the

plural in the last phrase "or county boards" is thought to have some meaning. As we read it, this language merely gives any board, including the local school boards such as those of the Fairfield district or the Locust Grove district, the right to go to the state department, whether the decision was made by one or both county boards. It does not alter the fact that the controversy must be brought to the state department within ten days.

■ VIII. So the defendant Jefferson County Board of Education was not acting illegally or in excess of its jurisdiction when it approved the merger proposal as requested by the petition of the Locust Grove electors, or when, after the ten days for taking the matter to the state department had elapsed, it called an election. On the merits of the matter the trial court properly annulled the writ of certiorari.

The trial court correctly ruled the questions before it.— Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.