BOARD OF EDUCATION in and for Delaware County et al., appellees, v. BREMEN TOWNSHIP RURAL INDEPENDENT SCHOOL DISTRICT et al., appellants.

No. 52351.

(Reported in 148 N.W.2d 419)

FEBRUARY 7, 1967.

REHEARING DENIED APRIL 3, 1967.

Kenline, Reynolds, Roedell & Breitbach, of Dubuque, for appellants Bremen Township Rural Independent School District of Delaware County and Western Dubuque County Community School District of Dubuque County.

Robert W. Burns, County Attorney, of Dubuque, for appellant Board of Education in and for Dubuque County.

Tracey & Tracey, of Manchester, for appellees.

LARSON, J.—This is another controversy involving chapter 275 of the Code of 1962 as amended, with the principal issue centered upon the validity of portions of a consent decree entered by the Dubuque County District Court on the 21st of April, 1959, in a prior school reorganization matter. On motion of appellants, the trial court refused to dissolve a temporary injunction and to dismiss appellees' petition in equity to restrain Bremen Township Rural Independent School District from merging with Western Dubuque County Community School District pursuant to the provisions of section 275.40 of the Code.

Defendants' motions filed April 14, 1966, and amended April 27, 1966, were heard before the court on April 27, 1966. By leave of court entered June 24, 1966, we entertain this appeal. The

separate motion of the State Department of Public Instruction to drop parties under rule 27, Rules of Civil Procedure, was sustained and it is not a party to this appeal.

Defendant Bremen Township Rural Independent School District of Delaware County, Iowa, hereinafter referred to as Bremen, is a non-high school district consisting of approximately six sections of land in Bremen Township, Delaware County, lying between two large high school community school districts, Western Dubuque County Community School District, hereinafter referred to as Western Dubuque, and Maquoketa Valley Community School District. The latter lies entirely in Delaware County, Iowa, while Western Dubuque lies primarily in Dubuque County with the western fringe of the district consisting of substantial portions of the four eastern townships of Delaware County.

Under existing law Bremen was required to be attached to some high school district on or before July 1, 1966.

Pursuant to the provisions of section 275.40 of the Code, virtually all of the qualified voters of Bremen filed a petition on November 27, 1965, with the County Superintendent of Dubuque County proposing a merger of Bremen with Western Dubuque. On December 2, 1965, Western Dubuque agreed to accept Bremen. On December 7, 1965, the Dubuque County Board of Education, acting pursuant to subsection 3 of section 275.40, approved said merger proposal.

On December 17, 1965, Delaware County Board of Education filed notice with the State Department of Public Instruction stating that a controversy existed over county plans which would affect the proposed merger and that pursuant to section 275.40 it desired to submit the same to the State Department.

On March 8, 1966, hearing was had before the State Department, but prior to said hearing on February 1, 1966, the Dubuque County Board of Education met and approved the proposed merger. This second "approval" was apparently had following the expiration of time for filing objections as set forth in subsection 3 of section 275.40.

On March 17, 1966, the State Board of Public Instruction approved the merger and, as the court recognized, generally-

speaking, under our law (section 275.40(3)) this decision is final and there is no right of appeal to the district court. Appellants' motions were largely directed to this point, but the trial court felt there was another factor it must consider in passing on this motion, i.e., a decree of the Dubuque County District Court which apparently affected the right to proceed herein.

In the spring of 1959 a planning controversy under Code section 275.8 arose respecting a proposed Western Dubuque Community School District, a joint district involving territory in Dubuque and Delaware Counties. The court therein, in a consent decree rendered on the 21st of April, 1959, found that controversy had been properly brought before it by plaintiffs' appeal, that no area in Dubuque County was involved, and that the county plans should be changed, but in its order the court placed the following restriction: "* * * the Boards of Education in each county are ordered finally to change their county plans accordingly, *and that the Dubuque County Board shall not hereafter claim or include any other area in Delaware County to be incorporated in said joint district, and the Delaware County Board alone may plan for the other area in its county.*" (Emphasis supplied.)

Appellees contend and the trial court agreed that this order, which had not been appealed, barred the Dubuque County Board from approving or including Bremen in Delaware County in the Western Dubuque Community School District. Appellees further contend, in the light of that order, that the Dubuque County Board's approval of the proposed merger was invalid and that the State Department of Public Instruction abused its discretion in approving it.

Appellants, on the other hand, contend the court's attempt to control reorganization of schools in this manner was in excess of its power, and its order invalid to that extent, that appellees had elected a remedy by appealing to the State Board and were estopped from seeking court review of the merger in this manner, that subsequent legislation, now section 275.40, Code 1966, provided the authority for this merger, and that, the merger having been completed before this action was brought, this remedy was not available.

The motion to dissolve the temporary injunction and to dismiss the action contains five grounds: (1) This action is improperly commenced under section 275.1, Code 1962. (2) The questioned merger is under the terms of section 275.40, Code 1962, so that the State Board decision approving the merger is final. (3) The submission of the merger controversy to the State Board constituted a waiver by plaintiffs of their right to prosecute this action, and an estoppel to challenge the propriety and finality of the State Board decision. (4) The Dubuque County decree of April 21, 1959, cannot operate to cut off the right of a non-high school district to pursue the merger provisions of section 275.40, Code 1962, and that decree was no more than a joint plan of the county boards, which is subject to amendment by this merger. (5) The matter is moot, since all merger steps have been completed.

The trial court recognized that the decision of the State Board in approving this merger was final, and found no failure of the parties to comply with the precedent conditions of the statutory provisions pertaining to merger. Thus, the nub of this controversy is the validity of the former court order attempting to restrict future reorganizations affecting Delaware County territory.

Section 275.40(3), Code 1966, provides: "If the said school board of the high school district agrees to accept said school district not operating a high school, said county board shall approve or disapprove said merger proposal. The county superintendent shall fix a time and place for filing objections, cause one notice thereof to be published at least ten days prior thereto in a newspaper published within the high school district or if none is published therein then in a newspaper of general circulation in the high school district; and in the event of the filing prior to said time of a petition signed by voters in the high school district involved equal in number to at least twenty percent of the number of eligible voters or four hundred voters, whichever is the smaller number, objecting to such board action, the entire action shall be void and in order to effect said merger it shall be necessary to proceed as provided in section 275.12. In case of a controversy over county plans which would affect a proposed

merger, said merger must have the approval of the state board of public instruction which decision shall be final and no further action shall be taken until such approval is granted. Any county board of education affected or either local board of education involved may submit the controversy to the state department of public instruction within ten days after the decision of the county board or county boards of education."

I. A right to appeal must be based upon statutory grant. Everding v. Board of Education in and for Floyd County, 247 Iowa 743, 76 N.W.2d 205; State ex rel. Schilling v. Community School Dist., 252 Iowa 491, 498, 106 N.W.2d 80. Unless there is failure to comply with the legal requirements and limitations prescribed in reorganization and merger proceedings, the decision of the State Board is final. Board of Education v. Board of Education in and for Montgomery County, 255 Iowa 537, 122 N.W.2d 849; County Board of Education in and for Bremer County v. Parker, 242 Iowa 1, 45 N.W.2d 567. Resort to equity for relief by injunction or certiorari will not enlarge the rights of appeal provided by statute. In re Community School District of Malvern, 250 Iowa 1240, 1246, 98 N.W.2d 737.

II. Courts have no power or authority to modify, change or control reorganization of school districts in Iowa. In re Community School District of Malvern, supra, and citations. That is a legislative process and cannot be delegated to the courts. Board of Education v. Board of Education in and for Montgomery County, supra; In re Durant Community School District, 252 Iowa 237, 244, 246, 106 N.W.2d 670; Everding v. Board of Education in and for Floyd County, supra; Wapello County Board of Education v. Jefferson County Board of Education, 253 Iowa 1072, 115 N.W.2d 212.

Primarily it is not our decisions which have so limited the function of courts in these cases. It is Article III, section 1, of our Constitution on separation of governmental powers. In In re Community School District of Malvern, supra, we held the organization and establishment of the boundaries of a school district are legislative functions, the exercise of which by the judicial department is forbidden by Article III, section 1, Iowa Constitution. We further held that upon an appeal to the court

in such proceedings as these, the court may consider only judicial questions and may not substitute its judgment for that of the designated school authorities as to the wisdom and practicability of the plan for the proposed district. In both Malvern and Durant we struck down statutory provisions that appeared to give the courts policy and discretionary review of questions as to whether political subdivisions should be created or changed. It was clearly pointed out therein that any attempt to permit courts to do more than determine whether the conditions precedent as declared by statute have been complied with, violates the constitutional limitations separating the powers of government. See annotation in 69 A. L. R. 266 to 295. In both Malvern and Durant many cases were cited and reviewed, as well as references made to Corpus Juris Secundum, American Jurisprudence, and American Law Reports. They need not be repeated here.

In the court order before us it is clear there was an attempt to restrict the area which could thereafter for all time be included in the Western Dubuque Community School District and to prevent any Delaware County territory being included in any reorganization, except that involved in Delaware County. This attempt, with or without legislative authority, could not succeed. It obviously invaded the exclusive legislative authority to establish and reorganize school districts in this state. That part of the court's order was void and of no effect, was unnecessary to a decision in that case, and was clearly an attempt to satisfy the litigants at that time. It could not affect the power of the legislature or future boards to determine which territory should or should not be included, added or detached in new reorganizations deemed necessary and proper. This merger was such an authorized reorganization under section 275.40 of the Code.

We can understand the trial court's reluctance to make such a pronouncement herein. No doubt it preferred to let this court determine the validity of the former decree, and we have done so. As to that part of the decree which prevents the inclusion of any Delaware territory in the Western Dubuque Community School District, it is void and of no effect. Thus, the actions of

the Dubuque County Board and the State Board were proper and valid.

III. Unless, then, the agreement of the litigants in that planning dispute incorporated in the decree can bind future boards or the legislature, we must hold this merger was not prohibited. That issue, if it can be called an issue, almost answers itself. No citation of authority is needed for the proposition that one legislature cannot bind future legislatures upon such policy matters. "So long as no constitutional limits are exceeded, the legislative will is supreme and 'must be obeyed by all other departments of the government." 16 Am. Jur.2d, Constitutional Law, section 228, page 479. The same rule applies to boards or other groups properly delegated legislative authority. As we pointed out in In re Community School District of Malvern, supra, the creation and formation of school districts and the fixing of their boundaries are legislative functions, and even if delegation of that legislative power to certain boards included the power to fix boundaries permanently, which it does not, such delegation of authority could not be upheld. We conclude the attempt of the former boards to restrict or prohibit future reorganizations involving Delaware and Dubuque County territory was of no import and could not prevent the present county board or the State Board from approving this merger. School reorganization under chapter 275 is a continuing process and is not subject to restriction by persons or courts. In fact, the amendment of this chapter adding section 275.40 is an example of the legislature's power to broaden the means by which reorganization may be accomplished.

IV. Although it is argued that the State Board did not act in the best interest of the two established high school districts involved herein, it seems clear the contentions of both sides were fully presented to the State Board, and we find nothing in this record which would justify the court in finding that there was an abuse of that board's discretion in approving the merger. Section 275.40(3); County Board of Education in and for Bremer County v. Parker, supra, 242 Iowa 1, 45 N.W.2d 567.

V. In view of the conclusions above, we find it unnecessary to discuss the other grounds of appellants' motion to

dismiss, although we think they may have some merit. It may be pointed out, however, that we do not agree with the trial court's determination that the legislative amendment, passed two weeks after the entry of the controversial decree involved, did not vest a new reorganizational right in a district such as Bremen to merge or join with a larger district without the necessary procedure of forming a new district. In this light we would hold the force and effect of the subsequent legislative Act was to render the former decree null and void. As bearing on this matter, see Iowa Electric Light & Power Co. v. Grand Junction, 221 Iowa 441, 264 N.W. 84; Johnston v. Kirkville Independent Sch. Dist., 240 Iowa 1328, 39 N.W.2d 287; Hodges v. Snyder, 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819. We agree that the right involved was a public right, but do not agree that in Wapello County Board of Education v. Jefferson County Board of Education, supra, 253 Iowa 1072, 115 N.W.2d 212, we decided the merger provision enacted under section 275.40 was merely procedural and did not involve substantive rights. We think it did both.

VI. It is, therefore, our conclusion that the trial court erred in failing to sustain appellants' motion to dismiss and to dissolve the existing temporary injunction. For further proceedings not inconsistent herewith, the cause is remanded.—Reversed and remanded.

All JUSTICES concur except BECKER, J., who takes no part.