VANCE *et al.* v. THE DISTRICT TOWNSHIP OF WILTON.

School: CHANGE OF SITE: DISTRICT BOARD: REMEDY. A district-school board has the power to change the established site of a school-house, and remove the building to the new site; and where the board, in ordering such change, does not exceed its jurisdiction, nor otherwise act illegally, a court of equity will not interfere with its action nor restrain its proceedings thereunder. The remedy for unwise or inexpedient action in such case, is by appeal to the county superintendent.

*Appeal from Muscatine District Court.*

SATURDAY, DECEMBER 14.

THE substance of the plaintiffs' case is soon stated. They seek to restrain the defendant by injunction, from changing the site of the school-house in sub-district No. 5, where it is now built, to another location in the same district.

The grounds of this application are as follows: That the school-house was built ten years ago at a cost of $900; that it is sufficiently capacious to accommodate the wants

of the district; its present location more convenient for all the children to attend than would be the contemplated new site; that it could not be removed without great injury thereto, and unnecessary expense to the district.

That on the 18th day of March, the district board, upon a petition of a part of the residents of said sub-district, made an order for the removal of said school-house to a point one mile north of its present location, or as far north of the geographical center of the district as it is now south of the center, making it necessary for plaintiffs' children to travel some two miles to school. And plaintiffs charge that this attempt to remove the school-house was purposely kept from their knowledge, as they are advised.

The defendant answers, that, at the meeting of the district board, March 18, 1867, a petition from the inhabitants of said sub-district was presented, asking the board to re-locate the site of the school-house at a place more convenient and more central than the one then occupied; that a committee of three was appointed to examine the subject, and fix upon a new site, if deemed advisable, and make due report thereon at a subsequent meeting, which they did, recommending a change of location to a point designated therein, which was accordingly ordered by the unanimous vote of the board, and which is alleged to be more central and convenient than the old site.

The answer further denies all the allegations of the petition not herein admitted. It also annexes thereto, as part of the same, a copy of the original petition signed by a large majority of the residents of said sub-district No. 5, asking for a change of the school-house site, together with a map or diagram of said district, showing the relative position of the two sites, from which it appears

McInerny v. Reed.

that twenty-eight out of thirty-two of its inhabitants had petitioned for a change of location.

At the hearing, the defendant moved the court to dissolve the injunction and dismiss the bill, from the sustaining of which, the plaintiffs appeal.

*Cloud & Broomhall* for the appellants.

*W. F. Brannon* for the appellee.

Lowe, Ch. J.—The bill of complaint is without equity and was very properly dismissed. The power to fix, carries with it the power to change, the site of a school-house, by the district board. In doing so in this case, it is not charged that the board acted beyond its power or jurisdiction, or that it acted oppressively, fraudulently or illegally, or even irregularly. There is, therefore, nothing in the complaint to call for the exercise of the equitable powers of a court. All unwise or inexpedient action of the board, whether of law or fact, when done within its powers, must find its correction by an appeal to the county superintendent. Rev. § 2133.