ATKINSON ET AL. v. HUTCHINSON ET AL.

68  161
95  303
68  161
110 657
68  161
123 200

1. **School-directors:** REMOVAL OF SCHOOL-HOUSE IN SUB-DISTRICT: AP-
PEAL TO COUNTY AND STATE SUPERINTENDENTS: EFFECT OF DECISION
ON APPEAL: MANDAMUS TO ENFORCE DECISION. The directors of a dis-
trict township have authority to order the removal of a school-house in
a sub-district, but an appeal lies to the county superintendent, and from
him to the state superintendent. (*Vance v. District Twp. of Wilton*,
23 Iowa, 408.) And where the school-house has been removed under
the order of the directors, but the order is reversed by the county and
state superintendents, it is the duty of the directors to restore the house
to its former site, and *mandamus* will lie to compel them so to do. The
fact that changes in the population and highways in the sub-district
have taken place since the removal, (but prior to the decision of the state
superintendent,) and that, because of such changes, the board has re-es-
tablished the house on the new site, cannot be set up as a defense in the
*mandamus* proceeding, for it must be presumed that all the facts which
had transpired up to the time of the hearing by the state superintendent
were presented and considered by him, and thus became *res adjudicata*.

*Appeal from Pocahontas District Court.*

SATURDAY, DECEMBER 19.

ACTION for a writ of *mandamus* to compel the defendants,
as directors of the district township of Marshall, in Pocahon-
tas county, to move a school-house in sub-district No. 2,
from section ten in said township to section fifteen. There
was a trial to a jury, and verdict and judgment were rendered
for the plaintiffs. The defendants appeal.

*Bradley & Harlan* and *Wright & Farrell*, for appellants.

*McEwen, Garlock & Ralston* and *Robinson & Milchrist*,
for appellees.

ADAMS, J.—The school-house in question was located origi-
nally on section fifteen. In April, 1884, the board of direc-
tors of the district township made an order of removal of the
school-house to section ten, and afterward caused the removal

to be made. The plaintiffs, who are residents and tax-payers in the sub-district, felt aggrieved by the action of the board, and appealed therefrom to the county superintendent of schools, who reversed the action of the board. The defendants then appealed from his decision to the state superintendent of schools, who affirmed the decision of the county superintendent. The plaintiffs brought this action to compel the directors to restore the school-house to its original site, or erect another thereon, alleging, in substance, the facts above set out. The defendants, for answer, pleaded, among other things, that prior to the decision of the state superintendent the boundaries of the district were materially changed; that a public road had been opened, whereby the plaintiffs had access to another school-house less than one and one-half miles distant; and that the number of children of school age had increased in the territory contiguous to the school-house as now located; and that it became the duty of the board, by reason of the changes, to re-establish the school-house upon its present site; and that the board passed an order to that effect. To so much of the answer as set up the foregoing facts by way of defense the plaintiffs demurred, and court sustained the demurrer.

The principal question now presented is as the correctness of the ruling upon the demurrer. The statute has not very clearly provided for a change of the site of a school-house, but, as a necessity for such change must sometimes occur, we feel unwilling to hold that no power to make such change exists. Section 1724 of the Code provides that the board of school directors of the district township "shall fix the site for each school-house, taking into consideration the geographical position and convenience of the people of each portion of the sub-district." The power thus conferred to fix the site of each school-house, we think, includes the power to change the site of a school-house, whenever in the judgment of the board it is desirable, and it was so expressly held in *Vance v. District Twp. of Wilton*, 23 Iowa, 408. The defendants, then, had the power which they attempted to exercise. But their order,

even though executed, was not final. Any person aggrieved by an order of the district board may appeal therefrom to the county superintendent, (Code, § 1829,) and an appeal to the county superintendent was held, in the case above cited, to lie from an order of the district board like the one in question. When an order for a change of site is made, and it is not known that all persons affected are satisfied with the order, it appears to us that prudence would dictate that the execution of the order should be postponed until an opportunity had been afforded for a review of the same, if any desired to appeal. But, however this may be, it is manifest that the execution of the order should not be held to prevent an appeal, nor render futile an order of reversal, if one should be made on the appeal. This being so, it seems to us that it follows, upon the reversal in this case, that it became the official duty of the board to restore the school-house to the original site, unless they were excused from doing so by reason of what occurred after the appeal was taken. The defendants contended that they were thus excused. But in our opinion their position can not be sustained. The changes relied upon to justify the action of the board in passing an order re-establishig the school-house upon the new site occurred, according to the answer, before the decision by the state superintendent, and in our opinion, if they were such as to render the new site the proper one, they might and should have been shown to the state superintendent upon the hearing before him. Such changes are liable to occur. It is known, indeed, that changes do constantly occur affecting the desirableness of a given location for a school-house site. We see no reason why the state superintendent should be confined to the exact record made before the county superintendent. The statute is very inexplicit upon this point, but it is abundantly manifest that the legislature designed to provide an inexpensive and summary way of disposing of these questions, and where, as in this case, changes had occurred which were supposed to affect the merits of the question, we think the state superintendent

should have been allowed to look into the situation as it then was, and that for such purpose he might have heard evidence, if any had been offered, or informed himself in such way as he might see fit, to the end that his decision might do justice at the time it should be made.   The hearing upon the appeal should, we think, be regarded as a hearing *de novo*, and be based upon all essential existing facts.   Under this view we must presume that the state superintendent's decision was so made, and did justice at the time it was made.   When made, we think that the directors should have restored the school-house at once, and that an action of *mandamus* lies to compel the performance of this official duty.

Some other questions are presented, but we think they are covered substantially by the views which we have expressed. The judgment of the district court must be

AFFIRMED.