## NEWBY v. FREE ET AL.

1. **Schools:** REMOVAL OF SCHOOL-HOUSE: DECISION OF STATE SUPERINTENDENT: MANDAMUS. Where a petition for the removal of a school house is carried by appeal to the superintendent of public instruction, his decision is final, (Code, § 1835,) and *mandamus* will lie to compel obedience thereto on the part of the school directors. (See opinion for cases followed and distinguished.)

*Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 5.

THE defendants are the directors of the district township of Chariton, and the relief asked by the plaintiff is that a *mandamus* issue commanding the defendants to remove a school-house in said district township. The relief asked was refused, and the plaintiff appeals.

*Geo. D. Porter*, for appellant.

*Vermilion & Evans*, for appellees.

SEEVERS, J.—It is stated in the petition that a petition was presented to the defendants asking the removal of a

school-house, and that such relief was refused, whereupon the plaintiff appealed to the county superintendent, who affirmed the action of the defendants, and thereupon an appeal was taken to the state superintendent, who reversed the decision of the county superintendent; and that afterwards the plaintiff demanded that the defendants remove the school-house, and the same was refused. The defendants answered the petition, and denied the allegations thereof, and pleaded that the proposed site to which the removal was asked was within thirty yards of the dwelling-house of George Finkhouser, and that he objected to the house being placed on such site. It was further pleaded, in substance, that the state superintendent did not order or direct the house to be located at any particular place, and that the district township had no funds to pay for such removal, and that no site had been purchased or condemned to which the house could be removed.

The trial was to the court, and there is no dispute as to the facts. The evidence sustains the allegations of the petition, and it is not claimed by counsel for the appellees that such allegations should not be regarded as established. The questions discussed by counsel are purely of a legal nature, and pertain to the powers conferred upon school officers, including the superintendent of public instruction. We understand that the question to be determined is whether the defendants can or should be compelled in this proceeding to remove the school-house from where it now stands to another place. The question as to whether it should be removed to any particular place is not, as we understand the record, presented, and it has not been argued by counsel. If correct in this view, it does not seem to be material to inquire whether a site has been procured or not. The only question considered by the county superintendent was as to the removal. He did not take into consideration where it should be removed, and his decision in this respect was reversed by the superintendent of public instruction, and it

is upon this decision that the plaintiff relies; his claim being that such determination was final, and that it became the duty of the defendants to obey this decision, and, as such duty is enjoined by law, that it may be enforced by *mandamus*. (Code, § 3373.)

The statute provides that boards of directors of district townships shall fix the site of school-houses. (Code, § 1724.) From any decision or order of such directors an appeal may be taken by any aggrieved party to the county superintendent, and from the decision of the latter an appeal may be taken to the superintendent of public instruction. The decision of the latter the statute provides shall be final. (Code, §§ 1829–1835, inclusive.) Of course, this provision of the statute must be construed to include only such matters as are within the jurisdiction of the several school officers above mentioned, and of which and the parties jurisdiction is obtained as provided by law. As to such questions the decision of the superintendent of public instruction must be regarded as final and conclusive, and binding on the parties, and it follows that such decisions must be enforced by the courts.

It is not claimed by counsel that the superintendent of public instruction did not have jurisdiction of the parties and subject-matter, and it is conceded that as to all ministerial acts his decision is final; but it is insisted that such officer does not possess any judicial functions. In support of this proposition, *Dist. Twp. of Sioux City v. Pratt*, 17 Iowa, 16, is cited. In that case the relief asked was to set aside a contract for building a school-house, on the ground that it had been obtained by fraud. From the action of the board in entering into the contract an appeal was taken by a tax-payer to the county superintendent, who declared the contract illegal and void, and it was insisted that such decision was final and conclusive. But it was held otherwise, and that as to such matter the superintendent was not vested with judicial powers. This case is clearly distinguishable

from the one at bar, for the reason that the statute does not give any school officer the power to adjudge a contract duly entered into to be void on the ground of fraud. The question in this case is materially different. Here, the matter in controversy relates solely to the conduct of the schools, and the location of the same; and to our minds it seems to be peculiarly appropriate that all such questions should be determined by the school-officers, and that their decision should be final and conclusive. The statute in express terms so provides. In substance, it has been so held. *Vance v. Dist. Twp. of Wilton*, 23 Iowa, 408; *Marshall v. Sloan*, 35 Id., 445; *Ind. Dist. of Lowell v. Ind. Dist. of Duser*, 45 Id., 391.

Counsel do not claim that the defendants have established by the evidence that the district did not have any funds with which to make the removal, and, if such fact could be regarded as established, it is not claimed by counsel to be material.

For the reason stated, we think the district court erred in rendering judgment for the defendants.

REVERSED.