S. F. CARPENTER, *et al.*, Appellants, v. INDEPENDENT
DISTRICT No. 5, OF COLUMBIA TOWNSHIP,
TAMA COUNTY, *et al.*

**Schools:** PRACTICE ON APPEAL TO SUPERINTENDENT.    When the action
of a board is affirmed by the superintendent of public instruction,
1  it cannot unless circumstances change materially *after'* the
affirmance, reconsider or alter its action at pleasure; and a change
of conditions, pending appeal, must be urged before the state
superintendent.

*Appeal from Tama District Court.*—HON. J. R. CALD-
WELL, Judge.

FRIDAY, MAY 31, 1895.

Action of mandamus to compel the relocation of a
schoolhouse site.    A demurrer to the answer was filed
but overruled, the plaintiffs elected to stand on their
demurrer, and judgment was rendered in favor of the
defendants.    The plaintiffs appeal.—*Reversed.*

*W. H. Stivers* and *O. H. Mills* for appellants.

*C. B. Bradshaw* for appellees.

Robinson, J.—The defendants are the independent
district No. 5, in Columbia township, Tama county,
Iowa, and three persons who are duly acting as its
directors.    The plaintiffs are resident taxpayers of the
district, and patrons of its school.    The facts set out
in the pleadings and admitted by the demurrer are sub-
stantially as follows:    In March, 1891, the plaintiffs
presented to the board of directors of the district a peti-
tion asking that the site of the schoolhouse be changed
to a point designated as "at the center of the original
district," and the petition was, in effect, granted on the

tenth day of August, 1891.   An appeal from the order
was taken to the county superintendent, who, after a
full hearing of the case, reversed the action of the board.
An appeal was taken from his decision to the superin-
tendent of public instruction, and was heard by him,
all the parties appearing.   On the twenty-ninth of Feb-
ruary, 1892, he rendered a decision reversing that of
the county superintendent, and affirming that of the
board of directors in relocating the schoolhouse site.
In June, 1892, the plaintiffs served upon the defend-
ants a request in writing that they carry into effect the
decision of the superintendent of public instruction,
but they refused to do so.   The ground of their refusal
is that, on the twenty-first day of March, 1892, the
board of directors took action, shown by a copy of its
proceedings, as follows:  "H. D. Cory presented the
following resolution: 'Whereas, that at a special meet-
ing of the school board of No. 5, Columbia, held August
10, 1891, it was voted to remove the schoolhouse of said
independent district from the present location to a new
site, not then determined; and whereas, such removal
was against the express wishes of a majority of the
legal voters and the best interest of a majority of the
patrons of said independent district:   Therefore be it
resolved, that said action be reconsidered, and that
the present board of directors relocate said schoolhouse
at its present site.   Yea, Cory and Smith; Nay, ——.' "
The appellants claim that the decision of the superin-
tendent of public instruction was final, while the appel-
lees claim that, as he merely affirmed the decision of the
board of directors, that body had the discretionary
power to change or rescind its action, and that its rescis-
sion cannot be reviewed excepting by appeal to the
county superintendent, and that no abuse of the discre-
tion lodged in the board is shown.

Section 1724 of the Code refers to the powers of
boards of directors, and contains the following:  "They

shall fix the site for each school house, taking into consideration the geographical position, and convenience of the people of each portion of the subdistrict  *   *   *." This has been held to authorize the board to change the site of a schoolhouse which has once been fixed. *Vance v. District Tp. of Wilton,* 23 Iowa, 408. The theory of the resolution adopted by the board appears to have been that, in fixing a schoolhouse site, it should be governed by the wishes of a majority of the legal voters and best interests of a majority of the patrons of the school. But this is not absolutely true. The controlling considerations are the geographical position of the existing site, if one has been fixed, and of the proposed site, and the convenience of the people of each portion of the subdistrict. The welfare of some of the people who are not voters, or who are at an inconvenient distance from the proposed site, cannot be ignored because the wishes of a majority of the voters will be met, or the best interests of a majority of the patrons of the school will be promoted, by so doing. It is true that the management of the affairs of a school district is not governed by inflexible rules, and that much is left to the discretion of the board of directors. *Hightower v. Overhaulser,* 65 Iowa, 350 (21 N. W. Rep. 671). But it is not true, when the decision of the board has been affirmed on appeal to the superintendent of public instruction, that the board may reconsider and alter its decision at pleasure. When an appeal has been taken to the superintendent of public instruction, his decision is final. Code, section 1835. It is an adjudication for which the statute provides, and is intended to settle the matters in controversy between the parties to the appeal. To permit the board of directors to evade the decision by taking new action on the same matters, under conditions not changed in any material respect, would be to nullify the right of appeal in many cases by depriving the successful party of its benefits.

In *Atkinson v. Hutchinson*, 68 Iowa, 161 (26 N. W. Rep. 54), the board of directors of a school district had changed the schoolhouse site, and removed the school-house. An appeal from the order of relocation and removal was taken to the county superintendent, who reversed the action of the board, and his decision was affirmed on appeal to the state superintendent. An action was brought to compel the directors to remove the schoolhouse back to its original site. As a defense to the action, the directors pleaded that, prior to the decision of the state superintendent, the boundaries of the district were materially changed; that a public road had been opened whereby the plaintiffs had access to another schoolhouse less than one and one-half miles distant; that the number of children in the territory contiguous to the new site had increased; that it became the duty of the board, by reason of the facts stated, to re-establish the schoolhouse upon the new site, and that an order to that effect had been made by the board. A demurrer to the portion of the answer we have set out was held by this court to have been prop-erly sustained. It was also held that the hearing by the state superintendent should be regarded as a hear-ing *de novo*, and that the changes alleged in the answer should have been shown to him. As they were not so shown, the new order of the directors based upon them did not constitute a defense to the action. It is true the action of the board in that case was reversed on appeal, while in this case it was affirmed, but we do not think that is material. The adjudication on appeal would be as binding in one case as in the other. We are of the opinion that the decision in that case is controlling in this. See, also, *Newby v. Free*, 72 Iowa, 379 (34 N. W. Rep. 168). The answer of the defendants in this case does not show any change in the conditions which should control in the fixing of schoolhouse sites after

the action of August 10, 1891, was taken. The language of the resolution adopted by the board indicates that the grounds upon which the board acted in March, 1892, existed when the action was taken in August, 1891, and, if they did, they should have been shown to the state superintendent, and could not be made the basis of an action by the board after he had rendered his decision. We conclude that the demurrer was improperly sustained, and the judgment of the district court is *reversed*.