Dorothy KEELER, et al., Appellants,

v.

IOWA STATE BOARD OF PUBLIC IN-
STRUCTION, and the Marshalltown
Community School District, Appellees.

No. 67199.

Supreme Court of Iowa.

March 16, 1983.

Donald G. Juhl, Nevada, for appellants.

Thomas J. Miller, Atty. Gen., and Merle
Wilna Fleming, Asst. Atty. Gen., for appel-
lee Iowa Bd. of Public Instruction.

Harry Druker and Rex J. Ryden of Cart-
wright, Druker & Ryden, Marshalltown, for
appellee School Dist.

Considered by LeGRAND, P.J.,* and
HARRIS, McCORMICK, McGIVERIN, and
CARTER, JJ.

* Senior Judge.

McCORMICK, Justice.

The question here concerns the legality of a school closing decision. The board of directors of the Marshalltown Community School District decided in March 1981 to close the elementary school in Albion at the end of the 1980–81 school year. Upon an appeal by Dorothy Keeler and more than sixty other persons residing in or near Albion, the state board of public instruction (DPI) affirmed the board decision. The petitioners then obtained judicial review of the DPI decision, and the district court affirmed. This appeal followed. We find no merit in the appeal and therefore affirm the trial court.

Petitioners' contentions can be distilled into three issues. One is whether the local board action should be invalidated because of an alleged open meetings law violation. Second is whether proper criteria were employed in reaching the decision to close the school. Third is whether under the whole record the decision is unsupported by substantial evidence or was unreasonable, arbitrary or capricious or constituted an abuse of discretion.

Review in the district court was of the DPI decision, not the local school board decision. *See Buchholtz v. Iowa Department of Public Instruction,* 315 N.W.2d 789, 793–94 (Iowa 1982). Thus we will not address petitioners' attack on the local board's decision except to the extent the attack affects the DPI decision under review.

■■■ I. *The open meetings law issue.* Under the open meetings law, specifically section 28A.4(1) of the Iowa Code (1981), a governmental body is required to "give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner calculated to apprise the public of that information." In the present case, petitioners allege the school closing decision should be invalidated because the Marshalltown board's agenda did not disclose that a decision concerning closing the Albion school would be made at the March meeting. We do not reach the merits of this

contention because we hold that an open meetings law violation by a local school board cannot be urged in a petition for judicial review of a DPI decision. The exclusive mechanism for enforcement of the open meetings law is an original action in the district court for the county in which the governmental body has its principal place of business. *See* § 28A.6(1). An evidentiary proceeding is necessary, and special remedies are available. § 28A.6(2) and (3).

■ We agree with the DPI that the sole relevance of the alleged open meetings law violation in the present case is the effect it may have had upon the public's knowledge and opportunity for input concerning the school closing issue. The record shows that the school closing issue had been under consideration for many months under the rubric of budget cuts. The budget cut topic was on the agenda, and many persons from the Albion group appeared at the meeting. In view of the history of board consideration of the issue, the full opportunity for public participation in all relevant events, the fact the problem arose because of the necessity of budget cuts, the notice given of the March meeting, and participation by the public in that meeting, we do not believe the public's knowledge and opportunity for input were adversely affected by the style of notice.

II. *Applicable criteria.* Petitioners allege the closing decision was unlawful because contrary to section 297.1, in violation of guidelines established in a prior DPI decision, and without consideration of the impact of the closing on the town of Albion.

Section 297.1 provides in relevant part that in initially selecting a school site a board "shall take into consideration the number of scholars residing in the various portions of the school district and the geographical location and convenience of any proposed site." Petitioners allege this makes the same considerations controlling in deciding whether to close a school. They rely on *Carpenter v. Independent School*

**112**

*District No. 5,* 95 Iowa 300, 302, 63 N.W. 708, 709 (1895). The court in that case merely held, however, that those considerations must be taken into account in making a decision concerning relocation of a school. The case does not make the criteria controlling in deciding whether a school should be closed. Other provisions give school boards broad discretion in making such decisions. *See* §§ 274.1, 279.11, and 280.3; *Howell School Board District No. 9 v. Hubbartt,* 246 Iowa 1265, 70 N.W.2d 531 (1955); *Templar v. School Township of Ellsworth,* 160 Iowa 398, 141 N.W. 1054 (1913).

Geographical convenience is one factor to be considered but is not controlling.

We also find no violation of DPI guidelines. Petitioners rely on procedures suggested by the DPI in an earlier decision to provide guidance to local school boards in making school closing decisions. The DPI emphasized that the procedures were recommendations only. These recommendations were not an agency "rule" within the meaning of section 17A.2(7)(d). Assuming they constitute "policy" within the meaning of section 17A.3(2), we find no violation of the policy in the circumstances of this case. The substance and spirit of the policy were fully satisfied in the proceedings conducted by the Marshalltown school board.

The March meeting at which the closing decision was made, and upon which petitioners focus the brunt of their attack, was merely the last event in a long process during which the problems of declining enrollments, budgetary constraints and the prospect of closing attendance centers were studied, discussed and debated with all interested persons having full opportunity to present their views. The DPI did not depart from its recommendations in the earlier case by approving the process employed by the Marshalltown board.

Petitioners do not cite any authority for their contention that the board should have considered the impact of the closing on the community as an independent factor before making the closing decision. The impact was considered as one of the factors affecting the welfare of the entire district. We find no authority for making the welfare of the community a separate consideration from the welfare of all persons served by the school district. To the extent those interests may conflict, the welfare of all the people of the district must prevail.

III. *Evidentiary support for the decision.* Under the whole record, we find the DPI decision is supported by substantial evidence in accordance with the standard in *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978). Nor was the decision unreasonable, arbitrary or capricious under the standard in *Churchhill Truck Lines, Inc. v. Transportation Regulation Board,* 274 N.W.2d 295, 299–300 (Iowa 1979). Finally, to the extent school board discretion was involved, we find no abuse of discretion.

We find no merit in any of petitioners' contentions.

AFFIRMED.