Asa BLACK, Appellee,

v.

UNIVERSITY OF IOWA, State of Iowa, Board of Regents James O. Freedman, President of the University of Iowa, in his official and individual capacities, John Eckstein, Dean of the College of Medicine of the University of Iowa, in his official and individual capacities, and Terence Williams, Head of the Department of Anatomy of the College of Medicine of the University of Iowa, in his official and individual capacities, Appellants.

No. 83–1267.

Supreme Court of Iowa.

Feb. 13, 1985.

Thomas J. Miller, Atty. Gen., and Merle Wilna Fleming, Asst. Atty. Gen., for appellants.

Clara Oleson, Iowa City, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

WOLLE, Justice.

This interlocutory appeal from the district court's denial of a motion to dismiss raises fundamental issues concerning the nature of a petition for judicial review of administrative action and the doctrine of exhaustion of administrative remedies. Petitioner Asa Black, an assistant professor at the University of Iowa, was denied academic tenure by decisions of university officials, affirmed on administrative review by the Iowa Board of Regents. In his petition for judicial review of that agency action, filed pursuant to Iowa Code chapter 17A (1981), petitioner alleged four separate bases for relief in four separate counts. The first count of his petition prayed for reversal of the action of the university officials and board of regents, while the second, third and fourth counts prayed for money damages and requested trial by jury. The district court denied the respondents' several-pronged motion to dismiss, finding joinder of the counts proper and exhaustion requirements satisfied. We reverse the first part of that ruling, because we hold that counts II, III and IV were improperly joined with count I and should have been dismissed. We agree, however, with the district court's refusal to dismiss count I, finding that petitioner satisfactorily exhausted administrative remedies before seeking judicial review of the denial of academic tenure. Accordingly, we affirm in part, reverse in part, and remand for further proceedings on the first count of the petition.

Petitioner was hired by the university as an assistant professor of anatomy in 1975.

In 1980 he requested but was denied promotion to associate professor with tenure. The university maintains an operations manual which is a compendium of policies and regulations governing faculty members. Availing himself of faculty dispute procedures set forth in that manual, petitioner filed a grievance with a faculty hearing panel. The panel recommended that petitioner be promoted with tenure. The university president reviewed that decision and issued a detailed ruling which partially approved and partially disapproved the decision of the faculty hearing panel. The president found that petitioner had failed to satisfy his burden to prove by a clear and convincing preponderance of the evidence that his departmental faculty peers had acted unreasonably in denying him tenure in December of 1980. The president did agree with the panel's finding that the tenure decision was tainted with procedural error, and he also found that unfair impediments had inhibited petitioner from developing an adequate academic record to achieve tenure. He directed the department of anatomy to consider anew the petitioner's request for tenure, but he let stand the departmental decision denying him tenure on the basis of his academic record as of December 1980. The president further stated that if the request were again denied, petitioner's appointment as a faculty member should be extended for two additional years to enable him to qualify for tenure free of any unfair impediments. The board of regents reviewed and accepted the university president's ruling.

Although he continued to pursue the intra-university procedures left open to him by the president's ruling, petitioner also filed in the district court the several-count petition which is the subject of this appeal. He named as respondents the University of Iowa, the board of regents, the university president, the dean of the college of medicine, and the head of the university's anatomy department. The petition combined a request for judicial review of a portion of the agency tenure decision with multiple claims for damages and other affirmative relief.

Respondents initially filed special appearances challenging the jurisdiction of the district court, but the special appearances were overruled. Thereafter the respondents attacked the petition by lengthy and detailed motions to dismiss, to recast, and to strike. In the rulings which we address in this interlocutory appeal, the district court held: (1) petitioner was not precluded from joining causes of action for damages with his petition for judicial review of agency action; and (2) petitioner satisfactorily exhausted all adequate administrative remedies, rendering the administrative action of the university officials and board of regents ripe for judicial review. We first address the question whether petitioner's actions for damages were properly made part of his petition for judicial review, then the question of exhaustion of administrative remedies.

I. *Joinder of Actions for Damages with Petition for Judicial Review.*

In count I of his petition, petitioner detailed the background of this tenure dispute and alleged, in essence, that respondents' actions denying him tenure were illegal and violated his substantial rights. All of those allegations were also incorporated within counts II, III and IV, including the specific paragraph stating:

That this is not an appeal from a contested case proceeding, but from agency action as defined in [Iowa Code] chapter 17A, section 17A.2(9) (1981).

With those specific references to chapter 17A (the Iowa administrative procedure act), and to section 17A.2(9) (which defines the type of administrative action being challenged), petitioner clearly indicated that the primary purpose of his petition was to obtain judicial review and reversal of the agency action which had denied him tenure.

Count I expressly prayed for judicial review, reversal of the agency action, and granting of tenure with all accompanying benefits. Counts II, III and IV, in contrast, were not only based on different legal theories but prayed for an entirely

different type of relief—compensatory, exemplary and punitive damages. Count II alleged that petitioner had been damaged by respondents' violation of his civil rights; count III, that he had been damaged by respondents' intentional infliction of emotional distress; and count IV, that he had been damaged by respondents' breach of implied covenants of good faith and fair dealing in the employment contract. Although each count's prayer for damages ended with a sweeping request for all fair and just relief, it is clear that the first count requesting judicial review is categorically different from the second, third and fourth counts whose primary thrust is the recovery of damages for injuries allegedly sustained by the petitioner.

In overruling respondents' motion to dismiss counts II, III and IV the district court rejected respondents' contention that judicial review of agency action ought not to be joined with multiple requests for relief properly cognizable as original actions. The court reasoned that Iowa's procedural rules liberally permit joinder of claims and that chapter 17A does not explicitly proscribe joinder. *See* Iowa R.Civ.P. 22 ("A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant."); *cf.* Iowa R.Civ.P. 186 (giving a trial court broad discretion to combine or separate claims and issues for trial). The district court also noted that joinder was appropriate here because "[t]he claims ... involve the same parties, arise out of common events and contain common factual and legal questions."

We disagree with that part of the district court's ruling because our joinder rules neither expressly nor by implication permit the bringing together in one lawsuit of a judicial review proceeding and an original law or equity action. Judicial review proceedings are fundamentally different from original actions commenced in the district court. Judicial review proceedings have a different jurisdictional base, proceed in a different manner toward disposition,

and provide only those types of relief to the successful petitioner which chapter 17A specifically prescribes.

Iowa Code section 17A.19 provides in pertinent part:

Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

Absent a statute providing otherwise, that provision vests a district court with limited jurisdiction to review agency action. Review is permitted only if the challenge to that action meets the criteria of section 17A.19. *See Allegre v. Iowa State Board of Regents,* 319 N.W.2d 206, 209 (Iowa 1982); *Iowa Public Service Co. v. Iowa State Commerce Commission,* 263 N.W.2d 766, 768 (Iowa 1978). Fundamentally, in judicial review proceedings the district court exercises only appellate jurisdiction and has "no *original* authority to declare the rights of parties or the applicability of any statute or rule." *Public Employment Relations Board v. Stohr,* 279 N.W.2d 286, 290 (Iowa 1979) (emphasis in original); *see Iowans for Tax Relief v. Campaign Finance Disclosure Commission,* 331 N.W.2d 862, 863 (Iowa 1983); *Young Plumbing and Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 381 (Iowa 1979).

In two recent decisions we delineated the scope of a district court's jurisdiction when reviewing agency action. In *Iowans for Tax Relief v. Campaign Finance Disclosure Commission,* 331 N.W.2d 862 (Iowa 1983), we answered in the negative the question whether an individual, who was neither an agency within the meaning of section 17A.2(1) nor a party in the case before the agency, could be made a respondent for purposes of judicial review. The petitioner, Iowans for Tax Relief, requested judicial review of an agency decision that the organization had violated pertinent campaign finance disclosure requirements.

The petition named the agency as well as two county attorneys as parties. We held that the judicial review proceeding did not give the district court jurisdiction over the action against the county attorneys who had attempted to implement the agency recommendation. 331 N.W.2d at 864. We reasoned that the petitioners could not "piggyback" a separate action onto the petition for judicial review of agency action, because a district court on judicial review sits in an appellate capacity only and has no original authority to decide the rights of the parties. 331 N.W.2d at 863–64; *see Public Employment Relations Board v. Stohr,* 279 N.W.2d at 290.

In the same vein, in *Keeler v. Iowa State Board of Public Instruction,* 331 N.W.2d 110, 111 (Iowa 1983), we concluded that a plaintiff seeking judicial review of a state agency decision may not raise an open meetings law violation by a local school board in a petition for judicial review of a state agency decision. There we noted that "[t]he exclusive mechanism for enforcement of the open meetings law is an original action in the district court...." *Id.* at 111.

Both *Iowans for Tax Relief* and *Keeler* reflect our concern for maintaining the integrity of the judicial review procedures set forth in section 17A.19. In both cases we refused to permit the petitioners in judicial review proceedings to include claims or causes of action that were not appellate in nature but instead fell within the original jurisdiction of the district court.

■ Iowa Rule of Civil Procedure 22 on which the district court relied contemplates joining together only those actions, "legal or equitable, independent or alternative," which fall within the original jurisdiction of the district court. Rule 22 neither expressly nor impliedly permits the joinder of original actions with a petition for judicial review which invokes only the appellate jurisdiction of the district court.

Numerous practical differences also militate against the joinder in a judicial review proceeding of claims cognizable as original actions. Not all of the Iowa rules of civil procedure governing original actions are applicable to judicial review proceedings, because rule 331 of the Iowa Rules of Civil Procedure excepts those rules which conflict with any provision of chapter 17A.

■ For example, the liberal notice pleading permitted in an original action by rule 69 does not apply to judicial review proceedings. To meet the pleading requirements of section 17A.19(4) which "are much more stringent than those required in an original action," petitioners must particularize the grounds upon which relief is sought so respondents will know the exact nature of the claimed errors. *Kohorst v. Iowa State Commerce Commission,* 348 N.W.2d 619, 621 (Iowa 1984). The methods permitted for service of process to invoke the jurisdiction of the district court are also different. *See Richards v. Iowa Department of Revenue,* 362 N.W.2d 486, 489 (Iowa 1985) (distinguishing service under Iowa Code § 17A.19(2) from Iowa R.Civ.P. 49–56); *cf. Neumeister v. City Development Board,* 291 N.W.2d 11, 13–14 (Iowa 1980) (construing former wording of Iowa Code § 17A.19(2) to require service by mail in contrast to the service permitted for original actions).

■ Different rules and procedures also apply to the hearing and disposition of judicial review proceedings as distinguished from original actions. In contested case proceedings, for example, there is no right to move for summary judgment, because the district court is limited to the record made before the agency. *Dillehay v. Iowa Department of Job Service,* 280 N.W.2d 422, 424 (Iowa 1979); *Young Plumbing and Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d at 381. Neither is there any right to a jury trial in review of contested case proceedings. *Kohorst v. Iowa State Commerce Commission,* 348 N.W.2d at 621–22. Even when the proceedings involve judicial review of "agency action," as defined in section 17A.2(9), the district court is limited by section 17A.19(7) in deciding what additional evidence, if any, it will receive, in con-

trast to the full evidentiary hearing available in original actions. *See Lickteig v. Iowa Department of Transportation,* 356 N.W.2d 205, 207–08 (Iowa 1984) (in review of agency action, the district court bases its specific judicial determinations on consideration of an "amplified factual record").

■ This sampling of some of the major differences between original actions and judicial review proceedings points up what the administrative procedure act itself makes clear. An important purpose of chapter 17A is "to simplify the process of judicial review of agency action as well as increase its ease and availability." Iowa Code § 17A.1(2) (1983). That purpose would not be served satisfactorily if we were to allow judicial review proceedings to be joined with and necessarily bogged down by the time-consuming procedures routinely followed in the preparation for and trial of original actions. In *Christensen v. Iowa Civil Rights Commission,* 292 N.W.2d 429 (Iowa 1980), we held that the district court lacked jurisdiction in a judicial review proceeding to hear and decide a petition to compel discovery filed by a non-agency party, stating:

> If parties were able to interrupt agency proceedings by bringing original district court actions to obtain assistance with every discovery problem which conceivably might arise, the agency process could be effectively disrupted and courts would have a difficult additional burden.

*Id.* at 431. The same reasoning supports our refusal to permit petitioner to proceed with counts II, III and IV in this judicial review proceeding.

The district court should have granted respondents' motion to dismiss counts II, III and IV. Because the district court had jurisdiction only to decide questions pertaining to the first count seeking judicial review, we do not address issues raised by the respondents in this interlocutory appeal concerning the sufficiency of the claims pleaded in counts II, III and IV. Our decision, of course, is without prejudice to petitioner's right to assert those claims in a separate original action.

## II. *Exhaustion of Administrative Remedies.*

Respondents also contend that the district court should have dismissed count I of the petition for judicial review because petitioner had not exhausted adequate administrative remedies before filing his petition.

■ Broadly stated, the doctrine of exhaustion of administrative remedies provides that before a person may obtain judicial review of administrative action, that action must first have been officially sanctioned and thereafter reviewed within the agency to the fullest extent provided by law. *See* R. Bezanson, *Judicial Review of Administrative Action in Iowa,* 21 Drake L.Rev. 1, 16 (1971). There are several aspects to the exhaustion requirement. *See Lakota Consolidated Independent School v. Buffalo Center/Rake Community Schools,* 334 N.W.2d 704, 706 (Iowa 1983). Here the respondents' relatively narrow contention was that the challenged agency action was not yet final for purposes of judicial review, because the university president's decision left open additional administrative proceedings through which petitioner could obtain academic tenure. Respondents relied upon section 17A.19(1) which provides in pertinent part:

> A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter.

The district court rejected respondents' exhaustion argument on the ground that the agency action consisted of severable parts, with the action challenged in this judicial review proceeding "final" for purposes of a chapter 17A proceeding. The court noted that the section 17A.2(9) definition of "agency action" included reference to "the whole or a part" of an agency decision. The district court concluded:

> [Petitioner] is appealing from a portion of [the president's] action in the agency proceeding which was accepted as correct by the board of regents. Two por-

tions of his decision were remanded, not for rehearing, but for reinstitution of the administrative process. One portion was final. This appeal is from the latter portion which would effectively deny [petitioner] tenure prior to the present time. [Petitioner's] petition explicates the factual details of the agency process and the individuals involved and meets the jurisdictional requirements of chapter 17A. There has been final agency action for the purpose of this appeal.

■ We agree with the district court's rejection of respondents' exhaustion argument. The district court correctly noted that petitioner is seeking judicial review only of that part of the president's decision which refused to grant him tenure effective on the date when he claims it should have been granted, December of 1980. The status which he pursues, that of a tenured professor as of December of 1980, can only be achieved in this judicial review proceeding, not in future administrative proceedings. Whether or not university officials decide in subsequent administrative proceedings to grant petitioner's continuing request for academic tenure, petitioner is now entitled in this proceeding to have the district court make the judicial determination whether he should have been granted tenure effective in December of 1980. The circumstances of this case allow petitioner simultaneously to seek prospective relief through intra-university procedures and also the retrospective relief that is only available in his judicial review proceeding filed in the district court.

The doctrine of exhaustion of administrative remedies has never been thought to be absolute. ... If the agency is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required.

*Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 836 (Iowa 1979) (citations omitted). When university officials and the board of regents concluded that petitioner should not be granted tenure effective in December of 1980, their decision constituted final agency action and presented petitioner with the opportunity to seek immediate judicial review.

In summary, we hold that the district court properly denied respondents' motion to dismiss count I of the petition for judicial review because petitioner had satisfied exhaustion requirements; but the district court should have granted respondents' motion to dismiss counts II, III and IV because they fell outside the judicial review jurisdiction of the district court which was properly invoked by count I of the petition for judicial review. The case is remanded for further proceedings in the district court on count I only.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.