**STATE CENTRAL BANK OF KEOKUK, Iowa, for themselves and all others similarly situated, Plaintiffs,**

v.

**GREAT RIVER GAS COMPANY, Defendant.**

**STATE CENTRAL BANK OF KEOKUK, Iowa, Appellee,**

v.

**IOWA STATE COMMERCE COMMISSION; and Andrew Varley, Christine Hansen, Paul Franzenburg, as members of said commission; Great River Gas Company, Appellants.**

No. 84–340.

Supreme Court of Iowa.

May 22, 1985.

As Corrected June 14, and July 3, 1985.

---

Philip E. Stoffregen, Gen. Counsel, Patrick J. Nugent, Deputy Counsel, and David J. Lynch, Asst. Gen. Counsel, Des Moines, for appellant Iowa State Commerce Com'n.

M. Carl McMurray of Anderson & McMurray, Keokuk, for appellant Great River Gas Co.

W. Tyler Logan, Keokuk, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

LARSON, Justice.

The plaintiff, State Central Bank of Keokuk, is a large commercial gas customer of the defendant Great River Gas Company. State Central and other members of the class were charged a rate designated as LC–1, appropriate for high-volume customers. They contend, however, that there was a more favorable rate which was available to them but Great River failed to advise them of that fact. The customer-plaintiffs (hereinafter merely referred to as State Central) complain that Great River's failure to advise them of the more favorable rates violated a commerce commission rule requiring utility companies to "assist the customer ... in selecting the most economical rate schedule available for the proposed type of service." 250 Iowa Admin. Code § 19.4(1)(b).

State Central sought a favorable interpretation of this commerce commission rule in a contested case proceeding before the commission, and lost. The rule, according to the commission ruling, required only that a utility company comply with a direct request for assistance; it had no affirmative duty to insure that each customer was charged the lowest available rate.

State Central petitioned for judicial review of the commerce commission ruling, joining as defendants the commission, its individual members, and the utility company, Great River Gas Company. In separate divisions of the same petition, it asserted a class action on its own behalf and all other customers similarly situated, naming Great River Gas Company as the sole defendant, and seeking a refund of "past overcharges for an illegal rate." Whether this original action could be joined with the petition for judicial review is the principal issue here.

The commission and its individual members (hereinafter referred to as the commission) responded with a combined motion to dismiss, to strike, and for more specific statement, Iowa R.Civ.P. 111, asserting that a petition for judicial review of agency action cannot be joined with an original action for damages. The district court overruled the motions, except as to a portion of the motion for more specific statement which is not involved in this appeal. The commission then filed a motion for separate docketing of the actions, again asserting that the actions for judicial review, being appellate in nature, cannot be joined with an original suit for refund.

This motion was "overruled without prejudice," the order providing that "[i]n the event it becomes clear that the Divisions should be separated for trial, the Court will then consider a motion to sever [the divisions]."

Following this ruling, the plaintiffs' petition remained intact, division I seeking, in a class action, a refund for alleged overcharges, and divisions II and III seeking,

through judicial review, alternative relief in the form of either a reversal of the commission's ruling or remanding of the case for introduction of additional evidence by the plaintiffs.

The commission filed an application for interlocutory appeal in this court, which was granted. We reverse and remand.

On appeal, the commission argues that the court erred in refusing to dismiss division I, which was the suit for refund, and that it abused its discretion by refusing to order separate docketing of the divisions.

■ The granting or denial of a motion to dismiss does not rest in the discretion of the trial court; it turns on legal grounds and is therefore subject to review by this court. *Moravek v. Davenport Community School District*, 262 N.W.2d 797, 800 (Iowa 1978); *Symmonds v. Chicago, Mil., St. P. & Pac. R.R.*, 242 N.W.2d 262, 264 (Iowa 1976).

In *Black v. University of Iowa*, 362 N.W.2d 459 (Iowa 1985), which was filed after the district court ruled in this case, we addressed the question of whether an original action for damages may be joined with a petition for judicial review. We concluded it could not. In *Black*, the plaintiff had been denied tenure as a member of the university faculty, and the ruling denying tenure was affirmed by the board of regents. Black petitioned for judicial review, seeking relief under four separate divisions. One division sought judicial review and the three remaining divisions sought compensatory and punitive damages in an original action for violation of plaintiff's civil rights, for intentional infliction of emotional distress, and for breach of implied convenance of good faith and fair dealing.

For several reasons detailed in *Black*, we held those divisions seeking damages in an original action could not be joined with the petition for judicial review, and we ordered the original action divisions dismissed. We concluded that, despite our liberal rules on joinder, *e.g.*, Iowa R.Civ.P. 22 ("A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as he may have against a single defendant.") and rules 185 and 186 (granting broad discretion to consolidate or sever), joinder of a judicial review petition and an action for damages could not be permitted. Simply stated, the reason was that a judicial review proceeding is appellate in nature and is not compatible with an original action.

■ *Black* controls here and mandates a severance of State Central's petition. It does not, however, mandate a dismissal of the original action divisions of the petition as contended by the commission. In *Black*, we ordered a dismissal of the original action "without prejudice to petitioner's right to assert those claims in a separate original action." It appears, however, that a better disposition in this case would be to simply sever the original action and order it stayed pending completion of the judicial review proceedings. This would eliminate the necessity of starting over again on an original action at some future time, if not precluded by the results of the judicial review proceeding. If the commission ruling is upheld in the judicial review proceedings, a dismissal of the original action would be appropriate. To order it dismissed at this time, however, would be premature.

We reverse the rulings of the trial court insofar as they denied severance of these claims and remand for entry of an order staying further prosecution of the case under division I pending resolution on judicial review of those raised by divisions II and III.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.