**FORT DODGE SECURITY POLICE, INC., Ted Anderson, and Robert Ulstad, Petitioners–Appellants,**

v.

**IOWA DEPARTMENT OF REVENUE, Respondent–Appellee.**

No. 86–659.

Court of Appeals of Iowa.

Aug. 26, 1987.

Terry W. Guinan, Ft. Dodge, for petitioners-appellants.

Thomas J. Miller, Atty. Gen., and Harry M. Griger and James D. Miller, Asst. Attys. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

Petitioners Fort Dodge Security Police, Inc., Ted Anderson and Robert Ulstad appeal from a district court decision dismissing their petition for judicial review of the Department of Revenue's revocation of the gambling license of Mid–Iowa Detachment Marine Corps. We affirm the decision of the district court.

Mid–Iowa was the holder of a bingo license. Anderson and Fort Dodge Security were the operators of the bingo games for Mid–Iowa. Ulstad is owner of the property where the bingo games were conducted. Mid–Iowa is not a party to this appeal.

On June 17, 1985, the department issued to Mid–Iowa notice of a hearing August 5, 1985, "to appear and show cause" why Mid–Iowa's gambling license should not be revoked for violations of bingo statutes and department rules. The notice stated in relevant part:

> No gambling license may be issued for a location where a gambling license has been revoked within the last two years (Iowa Code Section 99B.2(1) and Rule 730–91.6, IAC).
>
> Persons (other than licensee) owning an interest in the gambling location may petition to intervene in this matter.

Petitioners also received a copy of the notice to Mid–Iowa and notice of the revocation hearing which stated in relevant part:

> Be advised that, if this license is revoked, no gambling license may be issued for this licensee's location for a period of two years.

On July 19, 1985, Mid–Iowa filed an affidavit indicating a willingness to surrender the license in lieu of a revocation hearing. No action was taken on the affidavit. Thereafter the department held the hearing at which Jack Hebert, commandant of the licensee, and Everett Brown, adjunct paymaster of the licensee, testified. Petitioners neither petitioned to intervene in the hearing nor made any appearance at the hearing.

On August 23, 1985, the department issued an order revoking Mid–Iowa's gambling license for two years. The order stated it would become the final order of the department unless appealed before September 10, 1985. The order was mailed to Mid–Iowa but not to petitioners since they had not intervened in the action. On October 31, 1985, after the deadline for appealing the proposed order, petitioners filed a notice of appeal to the department director. On November 6, 1985, the department director denied petitioners' appeal (1) as untimely and (2) because petitioners' lacked standing to appeal because they had not intervened and were not parties to the revocation proceedings.

On November 14, 1985, petitioners filed a petition for judicial review in district court contending (1) there was insufficient evidence to support the department's decision, (2) the department's decision was arbitrary and capricious because the licensee was willing to voluntarily surrender its license, (3) the statute governing revocation of gambling licenses, Iowa Code 99B.14 (1985), is unconstitutional and (4) Iowa Code § 99B.2(1) (1985), placing a two-year ban on conducting gambling at a specific location where a previous license for that location has been revoked, is unconstitutional.

The department moved to dismiss the petition as untimely. The district court sustained the motion to dismiss. This appeal followed.

## I.

■ Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code § 17A.20 to the correction of errors of law. *Boyd v. Iowa Department of Job Service*, 377 N.W.2d 1, 2 (Iowa App.1985). We review the decision of the district court, also rendered in an appellate capacity, and determine whether the district court applied the law correctly. *Endicott v. Iowa Department of Job Service*, 367 N.W.2d 300, 302 (Iowa App.1985). To make that determination this court must apply the standards of Iowa Code § 17A.19(8) (1985) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Boyd*, 377 N.W.2d at 2. Iowa Code § 17A.19(8)(f) (1985) provides in a contested case the court shall grant relief from an agency decision which is not supported by substantial evidence in the record made before the agency when that record is viewed as a whole. *Myers v. Iowa Department of Job Service*, 373 N.W.2d 507, 509 (Iowa App.1985). In making this determination we are limited to the record made by the hearing officer. *Boyd*, 377 N.W.2d at 2. We do not make an independent determination concerning the preponderance of the evidence. *Budding v. Iowa Department of Job Service*, 337 N.W.2d 219, 221 (Iowa App.1983).

## II.

On appeal petitioners now contend (1) this case is not a "contested case" as to them, therefore the time limits governing judicial review of contested cases do not apply to them, and (2) the court erred in applying to them the time limits of appeals in contested cases because petitioners had never received notice of the start of the time period.

A. Judicial review of agency action is governed by the Iowa Administrative Procedure Act unless IAPA or another statute expressly provides otherwise. *Iowa Department of Revenue v. Iowa State Board of Tax Review*, 267 N.W.2d 675, 677 (Iowa 1978). This is shown in Iowa Code § 17A.1(2) (1987), which provides:

> This chapter is meant to apply to ... all suits for the judicial review of agency action that are not specifically excluded from this chapter or some other portion by the express terms of another chapter.

In addition, Iowa Code § 17A.19 states:

> Except as expressly provided otherwise by another statute referring to this Chapter by name, the judicial review provisions of this Chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by *agency action* may seek judicial review of such agency action. (emphasis added).

The IAPA divides "agency action" into three categories: rulemaking, adjudication (referred to as a "contested case") and "other agency action." *Allegre v. Iowa State Board of Regents*, 349 N.W.2d 112, 114 (Iowa 1984). *See* Bonfield, *The Definition of Formal Agency Adjudication under the Iowa Administrative Procedure Act*, 63 Iowa L.Rev. 285, 286–87 (1977).

■ Agency action falls within the general adjudication category when it determines the rights, duties and obligations of specific individuals as created by past transactions or occurrences. *Polk County v. Iowa State Appeal Board*, 330 N.W.2d 267, 277 (Iowa 1983). An agency adjudica-

tory proceeding is defined by statute to be a "contested case" if the constitution or a statute requires that those rights be determined by an agency after an opportunity for an evidentiary hearing. Iowa Code § 17A.2(2) (1987); *Allegre*, 349 N.W.2d at 114. The evidentiary hearing required by § 17A.2(2) is "an oral proceeding whose purpose is to determine disputed facts of particular applicability known as adjudicative facts—the who, what, when, where, and why of particular individuals in specified circumstances." *Polk County*, 330 N.W.2d at 277 (quoting Bonfield, 63 Iowa L.Rev. at 294). *See Allegre*, 349 N.W.2d at 114.

■ Administrative license revocation proceedings are contested cases under IAPA. Iowa Code § 17A.18(3) (1987). Section 17A.18(3) requires that an agency may not revoke a license unless the licensee is given the opportunity "in an evidentiary hearing conducted according to the provisions for [IAPA] for contested cases" to show compliance with lawful requirements or retention of the license. Specifically Iowa Code § 99B.14 (1987), governing gambling licenses, requires the department may revoke a license only after the licensee has been afforded a hearing. The notice given to Mid–Iowa and petitioners to appear and show cause also indicated the August 5, 1985 hearing, which petitioners did not attend, was an evidentiary hearing. Moreover, Hebert and Brown both presented testimony for Mid–Iowa at the hearing and were cross-examined by the hearing officer. We thus determine this action was a contested case and judicial review is governed by requirements for appealing a contested case.

Iowa Code § 17A.19(3) (1987) requires in contested cases a petition for judicial review must be filed within 30 days of an agency's final decision in that contested case. The department's proposed order revoking Mid–Iowa's license became a final decision unless appealed to the department director before September 10, 1985. Petitioners did not appeal the decision to the department director and did not file their petition for judicial review until November 14, 1985, after the time for filing for judicial review had run. As such, we agree with the department and district court that petitioners' petition for judicial review was untimely and the district court lacked jurisdiction to entertain it.

B. We also reject petitioners' contention that while the agency action was a contested case it was not a contested case as to them, therefore, the time limits in § 17A.19(3) were not applicable to petitioners.

■ First, petitioners try to characterize their petition as judicial review of "other agency action" rather than a contested case merely because petitioners failed to intervene in the case when they should have. *See* Iowa Code § 17A.19 (1987). The notice clearly stated petitioners might have an interest which could be affected in some way if the department revoked Mid–Iowa's gambling license. The notice also clearly stated that if the department revoked Mid–Iowa's license no gambling license could be issued for the location for which Mid–Iowa's license was issued for a period of two years. Petitioners were also on constructive notice of statutory and administrative provisions requiring the same. *See* Iowa Code § 99B.2(1) (1987); Iowa Admin.Code r.730–91.6 (1987). As such, petitioners were on notice that this was a contested evidentiary hearing and what would be the result of an order revoking Mid–Iowa's license. After failing to intervene as parties when the notice indicated the consequences of nonappearance and revocation, petitioners should not now be permitted to assert they are not bound by the time limits in § 17A.19(3) because the department did not give notice of its final order to non-intervenors. There was no statutory or constitutional requirement that the department do so.

Second, petitioners' petition for judicial review clearly indicates that the primary purpose of their petition was to obtain judicial review of a contested case and reversal of the department's revocation of Mid–Iowa's gambling license. *Black v. University of Iowa*, 362 N.W.2d 459, 461 (Iowa 1985). Petitioners expressly stated two is-

sues on which they seek judicial review were whether there was sufficient evidence to support revocation of Mid–Iowa's license and whether the department acted arbitrarily and capriciously in revoking Mid–Iowa's license when Mid–Iowa had volunteered to surrender it. Thus, because petitioners treated this case as judicial review of a contested case, we determine petitioners were bound by the time requirements for judicial review set forth in § 17A.19(3). *See Black*, 362 N.W.2d at 462 (Judicial review is permitted only if the challenge to that action meets the criteria of § 17A.19); *Foley v. Iowa Department of Transportation*, 362 N.W.2d 208, 210 (Iowa 1985) (District court cannot obtain jurisdiction over a proceeding filed under § 17A.19 unless the time limit actions are satisfied).

■ Third, petitioners incorrectly assert a right to judicial review of "other agency action" by bringing together in one action a judicial review proceeding and an original action or claim. Judicial review proceedings of contested cases are fundamentally different from original actions. *Black*, 362 N.W.2d at 462. In judicial review proceedings the district court exercises *only* appellate jurisdiction and has no original authority to declare the rights of the parties or the applicability of any statute or rule. *Public Employment Relations Board v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979). *See Young Plumbing and Heating Co. v. Iowa Natural Resources Board*, 276 N.W.2d 377, 381 (Iowa 1979). In *Keeler v. Iowa State Board of Public Instruction*, 331 N.W.2d 110, 111 (Iowa 1983), the court refused to permit petitioners in judicial review proceedings to include claims or causes of action that were not appellate in nature but instead fell within the original jurisdiction of the district court. *See Black*, 362 N.W.2d at 463; *Iowans for Tax Relief v. Campaign Finance Disclosure Commission*, 331 N.W.2d 862 at 863 (Iowa 1983).

■ Three issues petitioners raise in their petition for judicial review were not raised, preserved or appealed below before the department. Those issues could not be heard by the district court sitting in appellate review of agency action. Moreover, at this stage in the proceedings we will not allow petitioners to join a separate original action with their untimely petition for judicial review in order to attempt to revive the district court's jurisdiction over this matter. The district court is sitting only in an appellate capacity and has no original authority to decide the rights of the petitioner. *See Black*, 362 N.W.2d at 463; *Stohr*, 279 N.W.2d at 290.

We therefore affirm the district court's order dismissing petitioners' petition for judicial review.

AFFIRMED.